MOSES WILLIAMS & others, trustees, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. May 19, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Tax*, On income. *Trust*, Real estate trust. *Practice, Civil*, Waiver of contention.

Trustees of a real estate trust, who owned several parcels of real estate in Boston which they rented for business purposes, from time to time selling pieces of such real estate as business expediency dictated, in 1926 sold two of the parcels at a net gain of over $214,000. During the same year they paid as a local tax on all their real estate over $104,500; and five·per cent of the assessed value of all the property less the amount of mortgages thereon was over $119,500. The commissioner of corporations and taxation assessed an income tax on the gain from the sale of the two parcels, and the trustees sought an abatement under G. L. c. 62, § 47, in the amended form appearing in St. 1926, c. 287, § 3, contending that no tax was assessable by reason of deductions to which they were entitled under G. L. c. 62, § 6 (c), and (g) as amended by St. 1922, c. 329, § 2. The case was heard on agreed facts, which included nothing respecting the entire gross or net income of the trust from rentals and the operation of all the real estate. The respondent asked, among others, for rulings that upon the pleadings and agreed statement of facts the complainants had not shown that their gross income during 1926 "from rentals and the operation of real estate, other than gains derived from the sale of real estate, was less than the amount of the expenses and allowances claimed by" them. The judge found that it was not necessary to rule upon the question, whether the profit from the sale of the two parcels of real estate was income "derived from professions, employments, trade or business," under G. L. c. 62, § 5 (b), as amended by St. 1923, c. 287, § 2, because, granting that it was such income, the deductions allowed by the statute exceeded the amount of such income and therefore the complainants were entitled to the abatement; granted the abatement; denied the respondent's requests for rulings

"in so far as inconsistent with" his findings and rulings; and reported his action for determination by this court. *Held*, that

(1) It was unnecessary to decide whether the profit made on the two sales of real estate was taxable under G. L. c. 62, § 5, as amended, as business income, because, even if such profit was so taxable, the complainants were entitled to the deductions, allowed under § 6 of the same chapter, which deductions exceeded the amount of such income;

(2) The only reasonable inference from the record was that the trust was engaged in a single business of which the sale and renting of real estate were but different phases, and that all of the real estate was subject to sale as deemed advisable by the trustees;

(3) In the circumstances and on the record, no error of the trial judge was shown.

A contention, made by the commissioner in his brief before this court, that the deduction of the five per cent was unauthorized as it "seems to be based on assessed values of the year 1925, whereas the tax is upon income received in 1926," could not be sustained, as the objection was not raised in the Superior Court and therefore was waived.

COMPLAINT, filed in the Superior Court on June 14, 1929, under G. L. c. 62, § 47, in the amended form appearing in St. 1926, c. 287, § 3, for the abatement of a tax on income.

In the Superior Court, the complaint was heard by *Gray*, J., upon an agreed statement of facts, which are described in the opinion.

Neither in the pleadings nor in the agreed facts was there a statement as to the amount of gross or of net income from rentals and the operation of all the properties owned by the complainants.

The agreed facts included a copy of the following regulations of the respondent, which are referred to in regulation 6010, quoted in the opinion:

Regulation 6008: "Whether a person is engaged in a particular business, or whether the profits from a single transaction constitute 'business income,' is a question of fact in each instance, depending upon the nature of the transaction, the amount of time and attention involved therein, the magnitude of the transaction, the existence of similar transactions in preceding years, and the relation of such activities to the other business undertakings."

Regulation 6009: "The sale at a profit of business property, tenement property, or any property purchased with a view to profitable operation or resale, produces

income from profession, employment, trade or business taxable under the law. The sale of a single house at a profit by the resident owner may not of itself constitute the receipt of taxable income and, unless said owner is otherwise dealing in real estate, is ordinarily not to be regarded as a taxable profit; but the details of such transactions should in all cases be submitted with the return of income."

Among requests for rulings made by the respondent were the following:

"8. Upon the pleadings and agreed statement of facts, the complainants have not shown that the gross income of the complainants received during the calendar year 1926 from rentals and the operation of real estate, other than gains derived from the sale of real estate, was less than the amount of the expenses and allowances claimed by the complainants as deductions under G. L. c. 62, § 6, as amended.

"9. Upon the pleadings and the agreed statement of facts, the complainants have not shown that the amount derived from the rental of the two parcels sold during the calendar year 1926 was less than the deductions and allowances claimed by the complainants with respect to those parcels under G. L. c. 62, § 6, as amended, including the provisions of clause (g) thereof."

Findings and rulings by the judge were as follows:

"Whether the profits from the sale of the two parcels of real estate made by the petitioners is income 'derived from professions, employments, trade or business,' it is not necessary to decide because, granting that it is such income, the deductions allowed by the statute exceed the amount of such income and the petitioners are therefore entitled to the abatement sought by this petition.

"By the terms of G. L. c. 62, § 6 (c), the petitioners, if otherwise taxable on such income, are entitled to deduct 'all taxes paid within the year . . . in respect of the profession, employment, trade or business or, the property held or used in connection therewith.' It was agreed in this case, and I find, that all the property held by the trust was held in the same manner and for the same purposes, to obtain rentals therefrom for the beneficiaries of the trust

and to sell the property when business expediency made it desirable. The property actually sold in 1926 stood in no different position with respect to the manner in which it was held or the purposes for which it was held than any other real estate held by the trustees. It is only because the trustees so held their real estate that the trustees can be found to be in the real estate business and so subject to taxation on the gains on the sales of real estate so held. I find that all the real estate of the trustees was property held or used in connection with the employment, trade or business on which the tax in dispute was levied, and the petitioners are therefore entitled to deduct the taxes paid on all this property in accordance with G. L. c. 62, § 6 (c). The amount of this deduction is agreed to be $104,533.60.

"Likewise, I find that all of the real estate of the petitioners constitutes tangible property 'owned by the person taxed and used or employed in the profession, employment, trade or business' within the meaning of G. L. c. 62, § 6 (g), and the petitioners are therefore entitled to deduct five per cent of the assessed value of this property. The amount of this deduction is agreed to be $119,500.

"Since the total of these two deductions exceeds the amount of the tax [*sic*], the petitioners are entitled to the abatement requested in the agreed sum of $3,377.46.

"The requests of the respondent, in so far as inconsistent with the findings and rulings herein, are refused."

The judge reported the case for determination by this court.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

*R. Homans*, for the complainants.

CROSBY, J. This is a complaint brought under G. L. c. 62, § 47, as amended by St. 1921, c. 113, § 1, St. 1923, c. 287, § 4, and St. 1926, c. 287, § 3, against the commissioner of corporations and taxation for an abatement of taxes. The case was heard on an agreed statement of facts. The respondent presented certain requests for rulings. The trial judge made several findings and rulings and ordered that the tax referred to in the complaint be abated, and reported the

case to this court on the pleadings, agreed statement of facts, and his orders and rulings, such entry to be made as justice requires.

The complainants are trustees of the Municipal Real Estate Trust, hereinafter called the trust, under an agreement dated April 1, 1896, and duly recorded in the registry of deeds of Suffolk County. During the calendar year of 1926, as such trustees they sold two parcels of land, with the buildings thereon, the property of the trust, realizing as a total gain to the trust from such sales the sum of $214,848.71. One parcel was sold March 31, 1926, and the other July 2 of the same year. At all times the trust "has owned real estate situated in the city of Boston, which it has rented for business purposes, from time to time selling pieces of such real estate as business expediency dictated." The complainants as such trustees have leased the buildings owned by them for business purposes. They have rented the greater part of said buildings entire, to one tenant each. In the buildings not so leased the complainants have furnished the usual janitor and maintenance services, the extent of these services varying according to the type of business done in each building. The renting operations have been conducted at a profit and dividends have been regularly paid to the holders of beneficial interests in the trust. For the calendar year 1926, the total assessed value of the real estate of the complainants as such trustees was $2,650,000. In that year they paid to the city of Boston upon all the real estate owned by them as such trustees taxes amounting to $104,533.60.

It is alleged in the complaint and admitted in the answer that the property of the trust was mortgaged for $260,000. On August 1, 1928, the respondent, as commissioner, assessed to the complainants a Massachusetts 1927 income tax based on gains received by them as such trustees on the sales made in 1926, in the sum of $3,452.11, including interest in the sum of $164.39. Of the principal amount of the tax the sum of $64.99 was assessed with respect to a profit upon the sale of intangible personal property. The amount of this tax is not in dispute. The complainants paid the assessment as

to $3,399.99, including interest in the sum of $164.39, under protest. Within six months thereafter the complainants applied for an abatement of the tax. Thereafter the respondent abated the tax to the amount of $22.53 including interest, but refused any further abatement. The agreed statement of facts recites that "The tax here involved was alleged by the commissioner to be a tax on business income based upon the total gain of $214,848.71 obtained by the complainants from the sale of the Purchase Street and Massachusetts Avenue property herein referred to." The judge found that it was not necessary to rule upon the question, whether the profit from the sale of the two parcels of real estate was income "derived from professions, employments, trade or business," under G. L. c. 62, § 5 (b), as amended by St. 1923, c. 287, § 2, because, granting that it was such income, the deductions allowed by the statute exceeded the amount of such income and therefore the complainants were entitled to the abatement. These deductions were, he ruled, the sum of $104,533.60 to which the complainants were entitled under G. L. c. 62, § 6 (c) as the local taxes paid on their holdings, and the sum of $119,500 to which they were entitled under G. L. c. 62, § 6 (g), as amended by St. 1922, c. 329, § 2, which sum was five per cent of the assessed value of all the property, less the amount of the mortgages thereon.

It is the contention of the respondent that profit made on the two sales of real estate was taxable under G. L. c. 62, § 5, as amended, as business income. It is unnecessary to decide that question because, if such profit was so taxable, the complainants were entitled to the deductions, allowed under § 6 of the same chapter, which deductions exceed the amount of such income as previously stated.

The respondent further contends that, even if the rent is not to be included in gross income, yet the deductions were improperly computed because such computation is with respect to property in part not used in the business of the sale of real estate. The respondent argues that the complainants are engaged in two distinct businesses, one the renting and managing of the trust property, the other

the selling of real estate. It is recited in the agreed statement of facts that "The trial and appellate courts may draw reasonable inferences of fact from the . . . agreed and admitted facts." From the agreed facts, and the other facts set out in the record, the only reasonable inference is that the trust was engaged in a single business of which the sale and renting of real estate were but different phases, and that all of the real estate was subject to sale as deemed advisable by the trustees. If rents received by the trust are not taxable as business income and are not to be included in gross income, the deductions made by the trial judge were properly computed.

The respondent requested the court to rule that regulation 6,010 of the department of corporations and taxation is valid, and in pursuance of G. L. c. 62 as amended. The regulation is as follows: "Persons engaged in the business of dealing in real estate (see Regulations 6,008 and 6,009) are taxable upon their business income therefrom. Such income shall consist of the profits from the purchases and sales made during the year. The rentals derived from the property shall not be included in such income, but only such portion of the expenses as exceeds such rentals shall be claimed as a deduction from the profits made by the sale of the property." The trial judge not having ruled upon the question whether the gains received from the sale of the two parcels of real estate were income "derived from professions, employments, trade or business" under G. L. c. 62, § 5 (b), it is not necessary for us to decide that question. G. L. c. 62, § 6, recites that income taxable under subsection (b) of § 5 is subject to certain deductions including those set forth in subsections (c) and (g) of said § 6 as amended. Section (c) provides that "All taxes paid within the year to the United States or any other nation, or any state, county, city, town or district, in respect of the profession, employment, trade or business, or the property held or used in connection therewith . . ." shall be entitled to be deducted. Subsection (g) as amended by St. 1922, c. 329, § 2, provides that an amount equal to five per cent of the assessed value of all the property less the amount of mort-

gages thereon is also entitled to be deducted. In this connection see report of special commission on taxation appointed under Res. 1915, c. 134.

It is suggested in the respondent's brief that the deduction of $119,500 is unauthorized as it "seems to be based on assessed values of the year 1925, whereas the tax is upon income received in 1926." This contention cannot be sustained, as the objection was not raised in the Superior Court and therefore is waived, *Gardner* v. *Hazelton*, 121 Mass. 494; besides, the judge found that this deduction is agreed to be correct.

It follows that, as the total amount of these two deductions are in excess of the tax, the complainants are entitled to an abatement in the agreed sum of $3,377.46. It is ordered that the State Treasurer repay to the complainants the sum of $3,377.46 with interest at the rate of six per cent per annum from the time when the tax was paid, and costs.

*Ordered accordingly.*