GEORGE L. DEBLOIS & another, trustees, vs. COMMISSIONER
OF CORPORATIONS AND TAXATION.

Suffolk.   April 7, 1931. — September 10, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Tax*, On income.   *Statute*, Construction.   *Words*, "Business."

It is a canon of statutory interpretation not to treat any words as super-
fluous but to give to all the language some meaning, and not to over-
emphasize one word or part at the expense of another word or part;
to the end that so far as possible the enactment shall constitute a
consistent and harmonious whole capable of producing a rational
result in consonance with the presumed intent of the Legislature.
Per RUGG, C.J.

Under the provisions of G. L. c. 62, §§ 5 (b), 6, 22, 35, net income
derived, from rents for the use and occupation of real estate, by
trustees of a real estate trust who have filed an agreement, author-
ized by G. L. c. 62, § 1 (c) (d) (e), as most recently amended by St.
1926, c. 160, to pay income taxes due upon the income from the trust,
is not subject to taxation.

COMPLAINT, filed in the Superior Court on September 22,
1930, for abatement of an income tax.

The complaint was heard by *Whiting, J.*, upon an agreed
statement of facts and he reported it under G. L. c. 231,
§ 111, without making any decision thereon, for determi-
nation by this court.

*R. A. Cutter*, for the plaintiffs.

*C. F. Lovejoy*, Assistant Attorney General, for the de-
fendant.

RUGG, C.J.   This is a complaint by way of appeal from
the refusal by the respondent to abate an income tax assessed
upon the complainants.   St. 1926, c. 287, § 3.   The com-
plainants are trustees of a real estate trust, beneficial inter-
ests in which are represented by transferable shares.   They
are owners of improved real estate in Boston.   They have
filed an agreement (authorized by G. L. c. 62, § 1 (c) (d) (e),
as most recently amended by St. 1926, c. 160) to pay income

taxes due upon the income from the trust. The respondent assessed a tax upon the net income of the trust derived from rents for the use and occupation of real estate. The question for decision is whether such net income is subject to taxation. The relevant words of statutes pertinent to this issue are from the following sections of G. L. c. 62, and are not affected in their bearing upon the case at bar by later amendments, to which, therefore, no reference is made: § 5. "Income of the following classes received by any inhabitant of the commonwealth during the preceding calendar year shall be taxed as follows: . . . (b) The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum. . . ." § 6. "Income taxable under subsection (b) of section five shall be the gross income from the profession, employment, trade or business, . . . not including income exempt from taxation under this chapter or taxable hereunder otherwise than under said subsection (b) . . . ." § 22. "Every individual inhabitant of the commonwealth, including every partnership, association or trust, whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income, except income derived (a) from real estate . . . ." § 35. "The commission shall determine from the returns required by this chapter, or in any other manner, the income of every person taxable thereunder, and shall assess thereon the tax hereby provided . . . ."

It is a canon of statutory interpretation not to treat any words as superfluous but to give to all the language some meaning, and not to overemphasize one word or part at the expense of another word or part, to the end that so far as possible the enactment shall constitute a consistent and harmonious whole capable of producing a rational result in consonance with the presumed intent of the Legislature. *Kennedy* v. *Commissioner of Corporations & Taxation,* 256 Mass. 426, 429. It is to be kept in mind that tax laws are to be strictly construed. The right to tax is not to be implied, but must be plainly conferred. Doubts are resolved

in favor of the taxpayer. *Cabot* v. *Commissioner of Corporations & Taxation*, 267 Mass. 338, 340.

The word "business" as used in said § 5 is a word of wide import. It may include a large field of activities undertaken for gain and profit. *Whipple* v. *Commissioner of Corporations & Taxation*, 263 Mass. 476, 485, 486. It is not employed in any abstract sense but in a highly practical signification. It must be taken to be limited by the specific implications of § 22 (a) to the effect that no return is required of income derived from real estate. The statutory provisions as to the returns by inhabitants subject to an income tax are explicit. They are designed to afford to the taxing official complete and accurate information in order to serve as the correct basis for computing the tax. While of course that official is not bound by the return, the purpose of the statute is to give him through the returns knowledge as to the amounts and sources of the incomes of the inhabitants. It cannot rightly be thought that the Legislature, if it had intended to impose an income tax upon income derived from the business of renting real estate, would have specified that no return be made of income of that nature; that is to say, income from real estate. The income here taxed came from the rents of real estate. The tax imposed by G. L. c. 62, is a property tax and not an excise tax. *Hart* v. *Tax Commissioner*, 240 Mass. 37, 39. A tax upon income derived from real estate is a tax upon real estate. *Pollock* v. *Farmers' Loan & Trust Co.* 157 U. S. 429, 581; *S. C.* 158 U. S. 601. *Opinion of the Justices*, 220 Mass. 613, 623, 624. It is common knowledge that, in this Commonwealth, real estate has been subject to direct taxation at its fair cash value for many years. Being always exposed and subject to inspection by the assessors, it cannot escape taxation. To construe the sections of the statute here invoked as imposing a tax on income derived from real estate would result in double taxation. Tax laws are to be interpreted so as not to cause double taxation unless no other reasonable construction is practicable. *National Leather Co.* v. *Commonwealth*, 256 Mass. 419, 424. *Opinion of the Justices*, 266 Mass. 583, 589. It has been the policy of the General Court to be rather

scrupulous in so framing statutes as to make plain its purpose to avoid double taxation on real estate. *United States Trust Co.* v. *Commonwealth*, 245 Mass. 75, 78. *Opinion of the Justices,* 261 Mass. 523, 545, and cases cited. Words of unmistakable purport would be needed to express a legislative purpose to impose double taxation with respect to real estate.

An argument of the respondent is that one may make it his occupation to rent and sell real estate, as well as to engage in any other form of trade or commerce, and that hence he is engaged in business. That contention could almost as well have been made with respect to the income tax law in force previous to the enactment of St. 1916, c. 269, pursuant to the adoption of art. 44 of the Amendments to the Constitution, as interpreted in *Wilcox* v. *County Commissioners,* 103 Mass. 544. So far as we are aware no such contention has ever been urged.

The present contention of the respondent, put forward first in 1930, is contrary to the departmental construction of the income tax law since its enactment in 1916. That practice antedated the last revision of the statutes in 1920. That continued construction is of some significance in determining the scope of the statute. It is hardly to be thought that, if the contention had strong support in reason and law, it would not have been thought of earlier. *Burrage* v. *County of Bristol*, 210 Mass. 299, 301. *Luckenbach Steamship Co.* v. *United States*, 280 U. S. 173, 182.

Nothing in the decision in *Williams* v. *Commissioner of Corporations & Taxation*, 272 Mass. 249, lends countenance to the contention of the respondent. It is not necessary to discuss other points argued.

The conclusion is that the complainants are entitled to an abatement as prayed for. The amount of the tax, $737.40 (see *Tremont & Suffolk Mills* v. *Lowell*, 271 Mass. 1), with interest at six per cent per annum from September 17, 1930, when it was paid, shall be repaid to the complainants by the Treasurer and Receiver General, with costs.

*So ordered.*