COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* CLARA
FOPIANO
(and a companion case [1]).

Suffolk.    March 31, 1949. — May 2, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Taxation,* Income tax.

An amount whereby the cost of a stockholder's stock in a corporation was exceeded by a dividend received by him, which was paid out of current earnings at a time when the capital was impaired to an amount greater than the dividends paid and which therefore was a distribution of capital not taxable under G. L. (Ter. Ed.) c. 62, § 1, by reason of subsection (g) thereof, was not taxable as a gain under § 5 (c) as appearing in St. 1935, c. 481, § 1.

Two APPEALS from decisions by the Appellate Tax Board. In this court the cases were submitted on briefs.

*F. E. Kelly,* Attorney General, *& H. W. Radovsky,* Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*V. R. Brogna,* for the taxpayers.

RONAN, J.    These are two appeals by the commissioner of corporations and taxation from decisions of the Appel-

---

[1] The companion case is Commissioner of Corporations and Taxation *vs.* Alphonsus J. Fopiano.

late Tax Board granting abatements of income taxes assessed upon the amounts by which certain dividends paid to the two taxpayers exceeded the cost of their stock. These dividends were paid out of current earnings at a time when the capital was impaired to an extent greater than the amount of all the dividends then paid by the corporation. The commissioner, while conceding that the payments of the dividends to the taxpayers were distributions of capital and consequently not taxable under G. L. (Ter. Ed.) c. 62, § 1 (g), contends that the amounts received in excess of the cost of the stock were taxable income under G. L. (Ter. Ed.) c. 62, § 5 (c), as appearing in St. 1935, c. 481, § 1, which provides for a tax on the excess of gains over losses from the purchases or sales of intangible personal property.

A dividend and a gain from purchases or sales of intangible personal property have always been distinguished in the statutory classification of taxable incomes. In referring to the taxation of dividends and gains from purchases or sales of intangibles it was said in *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 193–194, that "These two classifications of subjects of taxation are separate and distinct, one from the other; they have been constantly maintained under the income tax law, and they are warranted by art. 44 of the Amendments to the Constitution. The two sources of income thus specified do not belong to the same class. Incomes derived from each of these two sources may rightly be taxed at different rates." Our income taxing system does not constitute a general income taxing law, but "provides for separate taxes at different rates upon income from various sources." *Commissioner of Corporations & Taxation* v. *Hornblower*, 296 Mass. 201, 205. *Commissioner of Corporations & Taxation* v. *Adams*, 316 Mass. 484, 488. *Commissioner of Corporations & Taxation* v. *Rathbone*, 321 Mass. 312, 315.

This distinction is seen in the pertinent sections of our income tax law. It is provided in G. L. (Ter. Ed.) c. 62,

§ 1, dealing with the taxation of income from dividends, by subparagraph (g) of that section, that "No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accumulated profits shall not be regarded as capital under this provision"; and in § 5 of this chapter dealing with certain kinds of income from different sources, including by § 5 (c) gains from purchases or sales of intangible personal property, that "dividends taxable under section one shall not be taxed under this section" (5[e]). In other words, the taxation of income from dividends is treated under § 1, and the taxation of income from gains in purchases or sales of intangibles is treated under § 5. Income under § 1 is taxed at the rate of six per cent while that under § 5 is taxed at the rate of three per cent. Income from taxable dividends comes within § 1 and is not a taxable gain within § 5, and the recipient of income from dividends is prevented by § 5 (e) from enjoying the lower rate of taxation on income within § 5.

A dividend in liquidation or otherwise which consists entirely of a distribution of capital is not a taxable dividend. The composition of such dividend is to be determined from the standpoint of the corporation in order to see the nature of the corporate property just before it was transformed into a dividend and distributed among the stockholders and, if it was made up entirely of capital, the stockholder receiving such a dividend is not subject to an income tax under § 1 even if he realized more from the dividend than he paid for the stock. A gain to the stockholder in this respect is immaterial. His liability to a tax depends solely on whether he received a distribution of capital or profits. "The test of taxability is the source of the distribution." *Commissioner of Corporations & Taxation* v. *Filoon*, 310 Mass. 374, 383. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 298 Mass. 263, 266. *Commissioner of Corporations & Taxation* v. *Church*, 318 Mass. 268, 269. *Sears* v. *Commissioner of Corporations & Taxation*, 322 Mass. 446. On the other hand, a dividend

which is composed of a distribution of capital and also accumulated profits is taxable under § 1 on the amount of the corporate profits which are included therein. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 262 Mass. 1, 5. *United States Trust Co.* v. *Commissioner of Corporations & Taxation*, 299 Mass. 296, 301. *Commissioner of Corporations & Taxation* v. *Filoon*, 310 Mass. 374, 391.

The only question presented is whether one who has received income from a dividend which was wholly a distribution of capital and so not taxable under § 1 is subject to a tax under § 5 (c) on the amount by which the dividend exceeded the cost of the stock.

The source of whatever gain the taxpayers received came from a dividend and, the taxing statute having provided that it is not taxable income by § 1 (g), it cannot be implied from the language of this subsection, that no distribution of capital "shall be taxable as income under this section," that the actual gain to the taxpayer from such a dividend may be taxable under some other section of c. 62. Neither can it be implied from the language of § 5 (e), that "dividends taxable under section one shall not be taxed under this section," that dividends not taxable under § 1 can be reached for taxation under § 5 or some other provision of c. 62. Tax laws are strictly construed, and if the right to tax is not plainly conferred it cannot rest on implications. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437, 438. *Commissioner of Corporations & Taxation* v. *Williston*, 315 Mass. 648, 651. *Assessors of Boston* v. *Boston Elevated Railway*, 320 Mass. 588, 597.

The taxability of income from dividends is covered by § 1, and § 1 (g) does not extend to § 5 (c) or to the taxation of any of the other classes of income in our tax law. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 187, 194. But that does not aid the commissioner unless § 5 (c) justified the imposition of the taxes in question. It is not contended that a gain resulted to the taxpayers at the time they acquired the stock, as was

the case in *Bryant* v. *Commissioner of Corporations & Taxation,* 291 Mass. 498, and cases cited. It cannot be contended that any gain resulted from the sale of the stock because they still hold it. The attempt here is to tax under § 5 (c) the difference between what they received from a nontaxable dividend and the cost of the stock. It is the excess of gains over losses in the purchases or sales of intangibles that may be taxed under § 5 (c), and the basis of determining gains and losses realized from the sale of capital assets "shall be . . . the cost thereof" (§ 7). We are here concerned with a single purchase of stock by each of the taxpayers. Section 5 (c) taxes as income the gain made by a purchaser at the time he bought the stock by reason of paying less than it was worth, and also taxes as income the gain realized by selling it for more than it cost. The section, however, does not tax any gains which accrue to the stockholder while he continues to hold his stock. *Bingham* v. *Commissioner of Corporations & Taxation,* 249 Mass. 79, 81. *Van Heusen* v. *Commissioner of Corporations & Taxation,* 257 Mass. 488, 491. *Crocker* v. *Commissioner of Corporations & Taxation,* 280 Mass. 238, 242. *Bryant* v. *Commissioner of Corporations & Taxation,* 291 Mass. 498, 501. *Commissioner of Corporations & Taxation* v. *Rathbone,* 321 Mass. 312, 314.

It would be inconsistent with our income tax law to hold that a stockholder who receives a dividend giving him nothing more than his share of the capital of a corporation when viewed from the standpoint of the corporation has not received any taxable income and then to decide by merely changing the standpoint from the corporation to the taxpayer that where the return of capital exceeded the cost of his stock he has received taxable income to this extent. We find nothing in our taxing law that would warrant the imposition of a tax upon such excess.

Furthermore, income from dividends is derived from a different source or class than from gains from the purchases or sales of intangible personal property and is taxed at a different rate, and a construction of our tax statutes which would permit the tax on such excess would present a serious

question as to whether such a construction would be contrary to the Forty-fourth Amendment to the Constitution of the Commonwealth, which permits a tax at different rates upon income derived from different classes of property, but which also expressly provides that the tax "shall be levied at a uniform rate throughout the commonwealth upon incomes derived from the same class of property." In view of the conclusion we reach we need not now decide that question.

In the first case abatement is granted in the sum of $48.35 with costs and in the second in the sum of $162.31 with costs.

*So ordered.*