MYER RIESMAN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk.    October 5, 1950. — December 8, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ. ·

*Taxation,* Income tax. *Corporation,* Dividend. *Jurisdiction,* Taxation.

Massachusetts had no jurisdiction to assess an income tax under G. L. (Ter. Ed.) c. 62, § 1 (b), as appearing in St. 1945, c. 735, § 1, to a resident stockholder of a foreign corporation upon the value of an undivided interest in foreign real estate of the corporation conveyed to the stockholder in liquidation of the corporation, even though the real estate represented accumulated profits of the corporation and the distribution made to the stockholder was a dividend.

APPEAL from a decision by the Appellate Tax Board.

*E. C. Park,* for the taxpayer.

*H. W. Radovsky,* Assistant Attorney General, for the commissioner of corporations and taxation.

RONAN, J.    This is an appeal from a decision of the Appellate Tax Board denying the abatement of an additional tax assessed upon income alleged to have been received in 1947 by the appellant.

The taxpayer, a resident of this Commonwealth, as stockholder in a foreign corporation received in 1947 upon the liquidation of the corporation a conveyance of an undivided

interest in certain real estate of the corporation proportionate to the amount of his stock. This real estate was located in Rhode Island. It represented the accumulated profits of the corporation. The interest conveyed to the taxpayer had a market value of $259,703.94.

It is conceded by the taxpayer that, if the corporation sold the real estate and distributed the proceeds, he would be subject to a tax on the money he received, but he contends that the transfer of an interest in the corporate realty does not come within the taxing statute, and that the statute, if construed to reach it, would be unconstitutional for the reason that it would be an attempt to tax real estate located beyond the boundaries of the Commonwealth.

There is no power to tax unless such authority is expressly conferred by statute, for it does not arise by implication, and statutes granting the power are to be strictly construed. *Commissioner of Corporations & Taxation* v. *Tousant*, 309 Mass. 84. *Bolster* v. *Commissioner of Corporations & Taxation*, 319 Mass. 81. Our income tax statutes do not tax all gains which a resident may receive during the tax year but tax only such as are of the kind and nature described in the taxing statutes. *Moulton* v. *Commissioner of Corporations & Taxation*, 243 Mass. 129. *Rockwood* v. *Commissioner of Corporations & Taxation*, 257 Mass. 572. *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437. *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147. *Commissioner of Corporations & Taxation* v. *Fopiano*, 324 Mass. 304. The commissioner assessed the tax under G. L. (Ter. Ed.) c. 62, § 1 (b), as appearing in St. 1945, c. 735, § 1, which brings within the taxing field "Dividends, other than stock dividends paid in new stock of the company issuing the same, on shares in all corporations," with exceptions not now material. The distribution made to the taxpayer was undoubtedly a dividend, *Boston Safe Deposit & Trust Co.* v. *Adams*, 219 Mass. 175, *United States Trust Co.* v. *Commissioner of Corporations & Taxation*, 299 Mass. 296, *Sears* v. *Commissioner of Corporations & Taxation*, 322 Mass. 446; but it was not the intention of the

Legislature, for reasons fully set forth in *DeBlois* v. *Commissioner of Corporations & Taxation*, 276 Mass. 437, 438–440, to impose an income tax upon real estate. If the instant tax has that effect it accordingly cannot be sustained.

A State may impose a tax upon the receipt by a resident of income which was wholly derived from services performed outside of the State, *Lawrence* v. *State Tax Commission of Mississippi*, 286 U. S. 276; or upon income from bonds, the principal of which was exempt from taxation, *Hale* v. *State Board of Assessment & Review*, 302 U. S. 95; or upon income on account of rents from real estate or interest from mortgages secured by real estate located outside the State, *Cohn* v. *Graves*, 300 U. S. 308; or upon income from trust funds kept in another State and administered under the law of that State by trustees appointed in that State, even if the funds have also been taxed in that State, *Guaranty Trust Co.* v. *Virginia*, 305 U. S. 19; or upon dividends derived from income from property located or from business conducted within the taxing State, although the dividends are declared by a foreign corporation in a State other than its domiciliary State out of funds held in another State where it maintains its principal office, *Wisconsin* v. *J. C. Penney Co.* 311 U. S. 435; or upon income received by a resident trustee from tangible personal property located in another State and administered by him and another nonresident as trustee in such other State under an appointment made by the courts of such State, *Greenough* v. *Tax Assessors of Newport*, 331 U. S. 486. The rationale of these decisions is that the recipient of the income is afforded protection and security from the State in which he resides and may properly be required to assume a part of the cost of government.

Our income taxing statutes do not impose excise taxes as were the taxes in all of the Federal cases last cited. The incidence of an income tax of the excise type differs from that of a tax on property and the imposition of a tax of this nature does not depend upon the location of the source of the income. Our statutes authorize the assessment of a tax

"upon the income of property [which] is in reality a tax upon the property itself. . . . The character of the tax cannot be changed by calling it an excise and not a property tax. In its essence a tax upon income derived from property is a tax upon the property." *Opinion of the Justices,* 220 Mass. 613, 624. Our income tax has been uniformly classified as a property tax. *Hart* v. *Tax Commissioner,* 240 Mass. 37. *Kennedy* v. *Commissioner of Corporations & Taxation,* 256 Mass. 426, 428. *United Shoe Machinery Corp.* v. *Gale Shoe Manuf. Co.* 314 Mass. 142, 154. *De Cordova* v. *Commissioner of Corporations & Taxation,* 314 Mass. 371, 373.

The income tax being a property tax, the Commonwealth cannot assess such a tax upon real estate for whose benefit and advantage it has not afforded and cannot afford security and protection. It cannot lay what has uniformly been classified by this court as a property tax upon realty located outside the boundaries of the Commonwealth. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194. *Frick* v. *Pennsylvania,* 268 U. S. 473. *Safe Deposit & Trust Co.* v. *Virginia,* 280 U. S. 83. *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204. *Baldwin* v. *Missouri,* 281 U. S. 586. *Senior* v. *Braden,* 295 U. S. 422.

So much of the tax as was assessed upon the dividend comprising the interest in the Rhode Island real estate amounting to $18,095.39, which has been paid, must be abated. G. L. (Ter. Ed.) c. 58A, § 13, as amended; c. 62, § 46, as amended. *Flint* v. *Commissioner of Corporations & Taxation,* 312 Mass. 204, 213.

> *Abatement is granted in the amount of $18,095.39 with costs.*