COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* JOHN
H. GARDINER & others, trustees.

Suffolk.    December 2, 1952. — January 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Taxation,* Income tax.

Gains realized from a sale of parcels of real estate in the conduct of "a
single business" including "the sale and renting of real estate" were,
by reason of § 22 (a) of the income tax law, G. L. (Ter. Ed.) c. 62, not
taxable under §§ 5 (b), 6, as amended.

APPEAL from a decision by the Appellate Tax Board.

*H. William Radovsky,* Assistant Attorney General, for the
commissioner of corporations and taxation.

*John S. Whipple,* (*William Minot* with him,) for the
taxpayer.

RONAN, J.    This is an appeal by the commissioner of
corporations and taxation from a decision of the Appellate
Tax Board granting an abatement to the taxpayers, the
trustees of the Municipal Real Estate Trust, of a tax which
had been assessed and paid upon the profits realized from
the sale in 1947 of two parcels of real estate in Boston.

The business of the trust as stated by this court when this
same trust was here before, *Williams v. Commissioner of
Corporations & Taxation,* 272 Mass. 249, 255, was "a single
business of which the sale and renting of real estate were
but different phases, and . . . all of the real estate was
subject to sale as deemed advisable by the trustees." The
board in the instant case has found that such was the busi-
ness of the trust during the period now in question. The
beneficial interest in the trust, which was created in 1896,
is represented by transferable shares. The trustees file tax
returns and pay taxes, and have entered into an agreement
to pay taxes as authorized by G. L. (Ter. Ed.) c. 62, § 1, as
amended.

The commissioner assessed a tax under G. L. (Ter. Ed.) c. 62, §§ 5 (b), 6. The taxpayers contend that the profits from the sales of real estate were not taxable under either of these statutory provisions and, furthermore, that the profits constituted income from real estate which was expressly put beyond the scope of the taxing statutes by G. L. (Ter. Ed.) c. 62, § 22 (a).

The pertinent sections of G. L. (Ter. Ed.) c. 62 as they stood in 1947 may be summarized as follows:[1] § 5: "Income of the following classes received by any inhabitant . . . shall be taxed as follows: . . . (b) [as appearing in St. 1939, c. 486, § 1] The excess over two thousand dollars of the income, as defined in section six, derived from professions, employments, trade or business shall be taxed at the rate of one and one half per cent per annum. . . ." § 6: "Income taxable under subsection (b) of section five shall be the gross income from the profession, employment, trade or business, in the year for which the income is computed, not including income exempt from taxation under this chapter or taxable hereunder otherwise than under said subsection (b), but including gains from the sale of capital assets, other than intangible personal property, employed therein; less the following deductions: . . . (g) [as appearing in St. 1935, c. 436, § 1] An amount equal to five per cent of the assessed value, less the amount of all mortgages thereon, of the stock in trade and other tangible property, real and personal . . . owned . . . and used or employed in the profession, employment, trade or business within the commonwealth . . . but this deduction shall be allowed only from gross income, as defined in this section, exclusive of gains from the sale of capital assets." § 22, as appearing in St. 1939, c. 486, § 2: "Every individual inhabitant of the commonwealth, including every partnership, association or trust, whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income, except income derived (a) from real estate . . . ."

---

[1] All the sections cited refer to G. L. (Ter. Ed.) c. 62, unless otherwise noted.

The question now presented was raised by this same trust in *Williams* v. *Commissioner of Corporations & Taxation,* 272 Mass. 249, where a tax was assessed upon a gain derived from the sale of two parcels of real estate, but it was not necessary to decide that question because if the gain was taxable as income it was less than the allowable deductions, so that, whether taxable or not, the decision would have to be for the trust.

The commissioner points out that the proceeds from these sales should be considered as gains from the sale of capital assets because § 7, which deals with the manner in which the tax may be computed, provides that in determining the gains realized from the sales of capital assets the depreciation allowable to the taxpayer on the real or tangible personal property shall be taken into account, and he more particularly relies upon the fact that § 6 (g) was amended by St. 1935, c. 436, § 1, in the form already above set forth, permitting a deduction of five per cent of the assessed value, less the amount of mortgages, of the stock in trade and other tangible property, real and personal, but allowing this deduction only from gross income, exclusive of gains from the sale of capital assets. It is to be observed that § 7 is not a taxing statute, and that in computing the deduction under § 6 (g) gains from the sale of capital assets are not to be considered as gross income of a profession, employment, trade or business. It would be strange if the gains from the sale of real estate should be taxable if made by a dealer in real estate and non-taxable to one not engaged in that employment or in fact in any business.

It was decided in 1931 in *DeBlois* v. *Commissioner of Corporations & Taxation,* 276 Mass. 437, that the net income from rents derived from the use and occupation of real estate, by the trustees of a real estate trust who had filed an agreement authorized by G. L. c. 62, § 1, was not subject to taxation under §§ 5 (b), 6. The principal ground upon which that decision was based was § 22 (a), which expressly provided that a taxpayer need not file a tax return showing any income from real estate. Unless it can be said that

gains from the sales of real estate do not come within the scope of § 22 (a), the case cited is decisive.

The original statute establishing our present system of taxing income, St. 1916, c. 269, provided in § 12 that "Every individual inhabitant of the commonwealth, including every partnership, association or trust, whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income, except income derived (a) from real estate," from dividends exempt from taxation under § 2, from interest on bonds of the United States and certain bonds of the Commonwealth, from loans secured by certain mortgages, and from certain wages or salaries. The portion of the statute relating to returns on real estate income has remained unchanged and is in the same identical form now, as it appears in § 22 (a), as it was when first enacted, although during that period numerous amendments were made to c. 62. This subsection has remained unaffected except with respect to gains realized by owners of land whose property has been taken by eminent domain. This exception is hereinafter discussed. Of the provisions of § 22 setting forth the various kinds of income for which a return is not required to be filed, the majority describe the nature of the income while only two designate the income by its source, that is, the income from real estate and from certain mortgage loans. The language of § 22 (a) is broad and general. It is not restricted or limited to any particular kind of income from real estate. It applies to all income from real estate and includes gains from sales as well as from rents. It could hardly be thought that the Legislature intended to tax income from real estate when it did not even intend that a return of such income should be made, and consequently to deprive the taxing official of the usual source of information furnished to him under § 35 for the determination of a tax.

It is to be noted that, when the Legislature intended to assess a tax upon the gains made by a taking of real estate by eminent domain, it provided for the tax in clear and

plain terms, see § 7A, inserted by St. 1935, c. 438, § 1, and in addition required a return of such gain, but it did not otherwise impose any obligation to make a return of income from real estate, as the statute expressly provided that "Except as herein provided, the provisions of sections twenty-two to thirty-two, inclusive, shall apply to such return." § 25A, inserted by St. 1935, c. 438, § 3. In other words, § 22 (a) was to stand unaffected except in the single instance of reporting gains arising out of eminent domain proceedings.

Abatement is granted in the amount of $3,114.37 with costs.

*So ordered.*