STATE TAX COMMISSION *vs.* THOMAS F. COLBERT.

Suffolk.    January 4, 1962. — June 7, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Taxation,* Income tax.    *Trust,* Real estate trust.

A dividend paid in 1951 by a real estate trust to a holder of its transferable shares from profits derived from sale of its real estate was "income derived . . . from real estate" within G. L. c. 62, § 22 (a), as it then read, and was not taxable to the shareholder under § 1 (e) even though the trustees had not filed the agreement provided for in § 1 (e).

APPEAL from a decision by the Appellate Tax Board.

*Edward J. McCormack, Jr.,* Attorney General, *& Herbert E. Tucker, Jr.,* Assistant Attorney General, for the State Tax Commission submitted a brief.

No argument nor brief for the taxpayer.

WILLIAMS, J. This is an appeal by the State Tax Commission from a decision of the Appellate Tax Board granting an abatement of an income tax assessed to one Thomas F. Colbert on a dividend received by him in 1951 on 450 shares of Combination Park Realty Trust. The facts which are undisputed are set forth in the findings of the board. On March 12, 1927, the taxpayer and three others, all inhabitants of this Commonwealth, created a trust to acquire land in Medford, known as Combination Park, and to hold title as trustees for the benefit of shareholders for the period of twenty-five years. In 1945, the trustees began to sell portions of the land and "by some time in 1951 all of the land had been sold." After the final sale, the net profit from all sales was distributed to shareholders in proportion to their respective shareholdings. The taxpayer had 450 shares and received $4,950 as his share of the net profit. He reported the receipt as a dividend received during the taxable year of 1951 and paid a tax on that portion of his income in the amount of $362.31. An application for abatement filed with the Commissioner of Corporations and Taxation was denied and an appeal taken to the Appellate Tax Board.

The board reversed the action of the Commissioner on the ground that the distribution was not taxable under G. L. c. 62, § 1 (e), because it was ". . . income derived . . . from real estate" within the meaning of G. L. c. 62, § 22 (a).

The trustees never filed the agreement provided by G. L. c. 62, § 1 (e), by which a trust, the beneficial interest of which is represented by transferable shares, may be substituted for its shareholders as taxpayer. Unless the trustees file such an agreement, G. L. c. 62, § 1 (e), requires domiciliaries who hold shares in a real estate trust to pay a tax at a rate of six per cent on dividends received from the trustees.

Concededly, the distribution in question is to be considered a dividend (see *Wilder* v. *Tax Commr.* 234 Mass. 470, 474; *Galdi* v. *Caribbean Sugar Co.* 327 Mass. 402, 406), and no part of it a distribution of capital within the meaning of

G. L. c. 62, § 1 (g) (see *Commissioner of Corps. & Taxn.* v. *Filoon,* 310 Mass. 374, 383; *Commissioner of Corps. & Taxn.* v. *Fopiano,* 324 Mass. 304, 306–307). The trust held "exclusively . . . real estate," and beneficial interests were represented by transferable shares. G. L. c. 62, § 1 (c), First. In the absence of the filing of the agreement referred to above, shareholders of such trusts must pay a tax on dividends received by them (§ 1 [e]) unless the obligation is limited by the provisions of § 22 (a).

In 1951, § 22 (a) provided: "Every individual inhabitant of the commonwealth . . . whose annual income from all sources exceeds two thousand dollars shall annually make a return of his entire income, *except income derived . . . from real estate*"[1] (emphasis supplied).

In *DeBlois* v. *Commissioner of Corps. & Taxn.* 276 Mass. 437, the Commissioner pursuant to G. L. c. 62, §§ 5 (b), 6, assessed a tax on the net income of a real estate trust which had filed an agreement under § 1 (e). The income, which the Commissioner sought to tax as business income, was derived from rents. After stating that the tax imposed by G. L. c. 62 is a property tax and that a tax imposed on income derived from real estate is a tax upon the real estate itself (p. 439 and cases cited), we held that § 22 (a) was a limitation on the word "business" as used in § 5, and that to construe the relevant statutes differently would impose an income tax on real estate which is already burdened with a direct property tax.

Subsequently, in *Dodge* v. *Commissioner of Corps. & Taxn.* 2 B. T. A. (Mass.) 342, a case in which the Commissioner sought to tax a dividend received by a shareholder of a real estate trust which had not filed an agreement, the Appellate Tax Board concluded in an opinion which we think was correct that, while the distribution was a dividend, it could ". . . with equal accuracy" be described "as 'income derived . . . from real estate,' excepted in § 22

---

[1] We are not concerned with the effect of St. 1954, c. 611, § 2, which amended the underlined portion of § 22 (a) to read: ". . . except income derived . . . from rentals of real estate." See *State Tax Commn.* v. *Fitts,* 340 Mass. 575, 578.

from the class of income required to be returned'' (pp. 348–349).

We followed the *DeBlois* case in *Commissioner of Corps. & Taxn.* v. *Gardiner,* 329 Mass. 654, holding that a similar trust could not be taxed on profits from the sale of real estate as ''gains from the sale of capital assets, other than intangible personal property'' within G. L. c. 62, §§ 5 (b), 6. It was said that ''The language of § 22 (a) is broad and general. It is not restricted or limited to any particular kind of income from real estate. It applies to all income from real estate and includes gains from sales as well as from rents'' (p. 657). Even if we assume that a cash dividend declared by a corporation out of proceeds derived from the rental or sale of real estate would be taxable under G. L. c. 62, § 1 (b) (see *Riesman* v. *Commissioner of Corps. & Taxn.* 326 Mass. 574, 575), it does not follow that dividends declared by a real estate trust are taxable under § 1 (e). The taxpayer held an equitable interest in the real property held by the trust. *Kinney* v. *Treasurer & Recr. Gen.* 207 Mass. 368, 371. *Peabody* v. *Treasurer & Recr. Gen.* 215 Mass. 129, 131. *Baker* v. *Commissioner of Corps. & Taxn.* 253 Mass. 130, 138. It was a beneficial interest in the real estate itself and not, as in the case of a corporation, an interest distinct from the corporate assets. See *Kennedy* v. *Hodges,* 215 Mass. 112, 115. Despite similarities between a business trust and a corporation, a trust is treated as a distinct type of business entity within G. L. c. 62, § 1. *State St. Trust Co.* v. *Hall,* 311 Mass. 299, 303–304. Income received by a shareholder of a real estate trust in the form of a dividend is as much ''derived . . . from real estate'' as income received by the trust. Taxation of shareholders' income derived from real estate trusts we think ought not to depend on whether the trustees have filed the agreement provided for in § 1 (e).

*Decision affirmed with costs to the taxpayer.*