Paul DICHTER & Shirley DICHTER
v.
STATE TAX COMMISSION

No. 93184

District Court Department
Appellate Tax Board
Trial Court of the
Commonwealth of Massachusetts

October 13, 1981

Lawrence Slater, Esq., counsel for appellant.
Peter Murphy, Esq., counsel for appellee.

## FINDINGS OF FACT AND REPORT

The appellants, Massachusetts residents, timely filed their 1973 joint income tax return in which they reported a gain from the sale of their "participation interest" in a limited partnership. On September 13, 1976, the Commissioner of Corporations and Taxation (Commissioner) notified the appellants of his in-

tention to assess an additional tax of $11,834.73 related to that gain and resulting from the use of a different basis in the computation of the gain. After the Commissioner assessed the additional tax on December 15, 1976, with interest of $2,603.64, the appellants filed an application for abatement on May 25, 1977. Upon the Commissioner's denial of the appellants' application on November 17, 1977, the appellants filed a timely appeal with this board on November 23, 1977. Thus, all the requirements for the board's jurisdiction were satisfied.

The case was tried on the basis of certain exhibits and agreed facts. Pertinent facts as stipulated were found by the board and we summarize them together with certain other relevant facts found.

The transaction out of which the controversy arose involved the purchase by the appellants of a "participation interest" in the "2455 East Sunrise Limited Partnership" (Sunrise) for the sum of $60,000 in 1967.

Sunrise was a partnership organized under the laws of New York with a general partner and three limited partners (Exhibit 6). The business of the partnership consisted of the ownership and operation of the premises at 2455 East Sunrise, Fort Lauderdale, Florida. Paragraph 7 of the Partnership Agreement provided:

> "7. No additional contributions are required to be made by the limited partners, except that it is contemplated that the limited partners will offer, from time to time, **assignments of their respective interests in the partnership\*** and that the monies received from such offerings will be contributed to the capital of the partnership."

Paragraph 10 provided:

> "No limited partner shall have the right to substitute an assignee or assignees as contributors in his place."

Paragraph 11 provided in part:

> "No additional or substituted limited partners may be admitted without the consent of the general partner."

The assignment of a participation interest was based on Exhibit 7 (Assignment by Limited Partner and Agreement with Participant). Paragraph 3 of the agreement provided in part:

> "The participant does hereby subscribe for, and the limited partner does hereby assign and transfer to the participant, and **the participant does hereby acquire $ participation in the limited partner's partnership interest in 2455 East Sunrise Limited Partnership\*** . . . The limited partner confirms that the partnership has received such payment and that it constitutes an additional capital contribution to the partnership in the above amount. The participant agrees that this assignment does not confer on him the right to become a substituted or additional limited partner."

From the time of the appellants' acquisition of the interest they took deductions each year in the form of depreciation and losses on their federal income tax return and reduced their federal basis accordingly. Upon the sale of the interest on September 1, 1973, for $81,000, the appellants reported a gain of $197,676 for federal income tax purposes.

Beginning in the year 1971, the appellants began to deduct losses on their state income tax returns and for 1971 took a loss of $25,501, and for 1972 a loss of $19,578. Upon the sale of their participation interest, the appellants reported on their 1973 Massachusetts tax return a gain of $66,179.

---

* Emphasis supplied

To determine the gain, they computed their Massachusetts basis at cost of $60,000 and deducted therefrom the total losses of $45,079. The difference in the gain reported to the federal government and to Massachusetts is, of course, accounted for by the difference in basis used in the computation of the gains.

The Commissioner took the position that for the purpose of computing the Massachusetts gain, the basis was the same as the federal basis and, therefore, the amount of the gain for Massachusetts should have been the same as that reported for federal tax purposes.

The board ruled in favor of the Commissioner and denied an abatement to the appellants.

## OPINION

This appeal presents the question as to what was the proper basis for appellants' participation interest in the limited partnership for the purpose of determining gain from the sale of that interest under G.L. c. 62, as amended by St. 1973, c. 723.

Ever since the Legislature's attempt to correlate the computation of Massachusetts and federal taxable income in a comprehensive manner by the amendment of G.L. c. 62 by the enactment of St. 1971, c. 555, difficulties have arisen with respect to the determination of the correct basis for determining gain or loss upon disposition of property. This was one of several important areas which were left in a state of uncertainty by the initial legislation in attempting to set up a system of income tax law which would eliminate, so far as possible, the differences between the state and federal law subject to exceptions which had to be made to recognize the fundamental differences in tax treatment between the two laws. An example of such a difference is that of the treatment of basis, in which the rules for its determination and adjustments under the federal and state law were quite different. Those difference were not and are not easily

resolved and what will be viewed as inequities seem bound to appear in statutory changes made or contemplated because of the nature and complexities of the problem and the goal sought to be achieved.

St. 1973, c. 723 amended St. 1971, c. 555 with respect to the manner of determining the "Massachusetts initial basis". This change represented another step toward reducing the differences between the Massachusetts initial basis of property and the federal initial basis, while attempting to take cognizance of those basic differences in the two laws.

The latest law* applicable to the present case, found in c. 62, Sec. 7, provides in part:

> (a) In determining Massachusetts gross income if the federal gross income includes any item of gain or has been reduced by any item of loss, with respect to property, then the federal gross income shall be increased by the excess of the federal adjusted basis of such property over the Massachusetts adjusted basis thereof; and shall be decreased by the excess of the Massachusetts adjusted basis of such property over the federal adjusted basis thereof.
>
> (b) The Massachusetts adjusted basis of property shall be the Massachusetts initial basis determined under paragraph (c) of this section, adjusted as provided in paragraphs (d) and (e) of this section.
>
> (c)(1) The Massachusetts initial basis of property held on December thirty-first, nineteen

---

* The last step appears to have been taken in amending the basis provisions of c. 62 by St. 1979, c. 409, §4, which repeals §7 and no similar provisions replaced that section. This leaves the determination of basis to the Internal Revenue Code, I.e., a federal basis.

hundred and seventy shall be determined as follows:

(A) In the case of property as to which, if it ·had been sold on December thirty-first, nineteen hundred and seventy in the course of business, a gain realized on such sale would have been taxable under this chapter to its then owner:

(1) The Massachusetts initial basis shall for the purposes of computing gain,· be its adjusted basis as computed under this chapter as in effect on December thirty-first, nineteen hundred and seventy...

(ii) ...

(B) In the case of any other property the Massachusetts initial basis shall be its federal adjusted basis on such date...

(2) ...

(d)(1) The Massachusetts initial basis of property shall be adjusted by applying the same adjustments as are made to the federal basis for periods after the determination of the, initial basis...

Focusing our attention then on Sec. 7(c)(1), Sec. 7(c)(1)(A), and Sec. 7(c)(1)(B), we see that if the appellants had sold their interest on December 31, 1970 and if the gain realized would have been taxable under Massachusetts law, then the Massachusetts initial basis for computing gain would be determined under the then Massachusetts law in effect on December 31, 1970. However, if the gain would **not** have been so taxed the basis would have been the same as the federal basis.

Thus, we must first address the question concerning the nature of appellants' interest and the taxability of its sale in Massachusetts on December 31, 1970.

Appellants' interest has been denominated a "participation" interest and we have described its character in our findings.

It would appear that it is not necessary at this time to make a prolonged and detailed analysis of either the partnership agreement or the "agreement with participants". The gist of the matter is that appellants acquired a "**participation in the limited partner's partnership interest***" and had a right to share in the profits and losses the same as a limited partner, but does not have a right to become a partner of any kind.

Sunrise is the owner of the real estate which is outside Massachusetts, being located at 2455 East Sunrise, Fort Lauderdale, Florida, and this property's operation is the source of the income, expenses and deductions involved in this case. It is agreed then that any profits realized and distributed to appellants had their origin in foreign real estate.

Regardless of how the partnership, the partners and the participants treated the appellants' interest for other purposes, the board is of the opinion that the appellants should be treated for tax purposes as a limited partner and their participation interest as an interest ultimately in real property. The appellants treated themselves for tax purposes as "limited partners" and as being subject to the Internal Revenue Code, Sec. 701, Sec. 702, Sec. 704, etc., and enjoyed the "tax shelter" of a limited partner.

In **Evans v. Commissioner,** 447 F. 2d 547 (7th Cir. 1971), **affg.,** 54 T.C. 40, CCH 29.915 (1970), a partner secretly conveyed his interest to his wholly-owned corporation without the necessary formalities substituting the corporation as a partner. A tax on the corporation as a

* Emphasis supplied

partner was sustained on the ground that for income tax purposes the corporation was to be considered a partner.

In a Revenue Ruling 77-137 (1977)-1CB178, an assignee of a limited partner's interest was treated as a limited partner although not admitted to the partnership according to the agreement and thus the assignee was required to report a distributive share of partnership items of income, gain, loss, etc.

Since for federal tax purposes the appellants were treated as limited partners and they treated themselves as such, the board is of the opinion that the appellants should be treated as limited partners for Massachusetts tax purposes.

Prior to the change in our law in 1971, the appellants did not take deductions related to losses and depreciation on the theory that any rental income from Florida real estate was not taxable.

The board is of the opinion that in like manner income from the sale of appellants' participation interest on December 31, 1970, would not have been a taxable event either.

The basis for that determination is found in **Reisman v. Commissioner of Taxation**, 326 Mass. 574 (Reisman); **State Tax Commission v. Wheatland**, 343 Mass. 650 (Wheatland); **Commission v. Thomas F. Colbert**, 344 Mass. 494 (Colbert); **State Tax Commission v. Fine**, 356 Mass. 51 (Fine).

Those cases stated the often-repeated principle that G.L. c. 62, prior to amendment by St. 1971, c. 555, was a property tax and that a tax on the income from property was a tax on the underlying property itself. "Property by income produces its kind, that is, it produces property and not something different. It does not matter what name is employed." **Wheatland**, supra, 653. Thus, Massachusetts had no jurisdiction to tax income emanating from real estate located in another state.

In **Reisman, supra,** the taxpayer, as a stockholder in a foreign corporation, received in **liquidation** an undivided interest in foreign real estate. It was held to be non-taxable under c. 62.

In **Wheatland, supra,** income from a contract giving the privilege to another to cut timber on foreign real estate was held to be nontaxable under c. 62. Looking at the substance of the transaction rather than form, the Court said that the income was analogous to rent payments, a tax on which was viewed as a tax on the foreign land.

In **Colbert, supra,** the board was sustained in its decision to abate a tax on a dividend received by the holder of transferable shares in a real estate trust. The board reasoned that the income distributed was derived from Massachusetts real estate. At that time, our statute did not tax such income. The fact that the taxpayer did not own the legal title to the real estate and could not become a trustee was not material.

In **Fine, supra,** the Supreme Court sustained the board's abatement given to a taxpayer who was taxed on "dividends" from Mesabi Trust and paid on her "transferable units" traded on a stock exchange. The trust income was solely from "royalties" paid for the privilege of taking minerals from Mesabi's out of state land. At that time, G.L. c. 62, Sec. 1 imposed an income tax on specified forms of income from **intangible personal property. Reisman, Colbert** and **Wheatland** were all cited with approval and followed by the board and the Supreme Court.

Admittedly the facts in the appeal before us are different from those in the cases discussed. However, the board is of the opinion that a logical and fair extension of the principles enunciated in those cases cited apply equally to this case before us on appeal.

In substance, taxpayer here had a kind of beneficial interest in foreign real estate in that the partners were obligated to accord them their share of income and losses originating in the operation of foreign real estate. In substance, the participation interest was an interest in proceeds emanating from foreign real estate. A tax on the proceeds would have been

viewed as a tax on the real estate. In like manner, a tax on the proceeds of the sale of the interest could be viewed also as a tax on the underlying real estate, the source of the interest's value.

In addition, our Supreme Court has stated many times that taxing statutes must be strictly construed, taxing authority must be expressly conferred and constitutional doubts are to be avoided. **Reisman, supra,** p. 575; **Wheatland, supra,** p. 653, and cases cited. Therefore, the board is of the opinion that had an attempt been made to tax a sale of appellant's interest made on December 31, 1970, the board, on appeal, would have abated the tax for all the reasons discussed above.

That being the case, under the provisions of G.L. c. 62, Sec. 7(c)(1)(b), appellants' basis in the property was its federal adjusted basis on December 31, 1970 and pursuant to Sec. 7(a) the appellants' Massachusetts gross income had to be increased to reflect the proper federal basis at the time of sale.

Our decision for the appellee was promulgated on December 9, 1980.

APPELLATE TAX BOARD
By John P. Mulurhill, Chairman

A True Copy
Anthony J. D'Arrangelo
First Asst. Clerk of the Board