STATE TAX COMMISSION *vs.* AARON SMITH.

Suffolk.   December 9, 1953. — April 29, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Taxation,* Income tax.   *Corporation,* Reorganization, Dividend.   *Words,*
   "Exchange."

A stockholder in a corporation did not receive a dividend taxable under
   G. L. (Ter. Ed.) c. 62, § 1 (b), as appearing in St. 1945, c. 735, § 1,
   where, in a reorganization, all of the corporation's assets were trans-
   ferred to a new corporation of the same name in exchange for all the
   new corporation's stock, which was transferred to the stockholders
   of the old corporation on a share for share basis for their stock in the
   old corporation, so that as a result of the transaction the same per-
   sons were interested in the same assets in the same proportions.

APPEAL from a decision by the Appellate Tax Board.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, (*Harris
A. Reynolds,* Assistant Attorney General, with him,) for the
State tax commission.

*William Shelmerdine, Jr.,* (*Raymond R. Cross & Joseph J.
Geehern* with him,) for the taxpayer.

COUNIHAN, J.   This is an appeal by the commissioner of
corporations and taxation from a decision of the Appellate
Tax Board granting an abatement of an income tax assessed
to Aaron Smith for 1950 with respect to "income" received
during 1949, which the commissioner had previously refused
to abate.   In this court the State tax commission has been
substituted for the commissioner as appellant.   St. 1953,
c. 654, § 27.   *State Tax Commission* v. *Felt, ante,* 63.   We
are of opinion that the decision of the board was correct.

After hearing the board made the following findings of
facts and decision: "The appellant, on December 30, 1949,
was the owner of 50 shares of the common stock ($100 par
value) of New England Enterprises, Inc., a Rhode Island
corporation.   He had acquired this stock upon the forma-
tion of the corporation at a cost of $6,000.   On Decem-

ber 30, 1949, the holders of all the common stock of the corporation adopted a plan of reorganization. In accordance with said plan, and on the same day, all of the corporation's assets were transferred to a Delaware corporation of the same name, in exchange for all of the common stock of the Delaware corporation. The shares of the Delaware corporation so received were transferred to the shareholders of the Rhode Island corporation on a share for share basis. The appellant received 50 shares. On December 30, 1949, the accumulated profits of the Rhode Island corporation amounted to $22.195 per share. [1] On July 27, 1951, the appellant was assessed a tax in the amount of $81.91 upon the alleged income resulting from the above exchange of stock. On or about July 31, 1951, appellant applied for an abatement thereof and after denial on August 2, 1951, of this application, he filed the present appeal on August 9, 1951. Upon the consummation of the reorganization of December 30, 1949, the capital stock of the Delaware corporation represented the same interest in the same assets as the stock of the Rhode Island corporation had represented prior thereto; and was owned by the same persons and in the same proportions. . . . General Laws (Ter. Ed.) c. 62, § 5 (c), so far as relevant herein, provides that '. . . If, in any exchange of shares upon the reorganization of one or more corporations . . . , the beneficial interest in which is represented by transferable shares, the new shares received in exchange for the shares surrendered represent the same interest in the same assets, no gain or loss shall be deemed to accrue from the transaction until a sale or further exchange of such new shares is made.' Our findings of fact bring the transaction of December 30, 1949, within the above statute. Our decision in this appeal granting an abatement of $81.91 was promulgated March 4, 1953." The commissioner duly appealed from the decision of the board. The decision of the board is final as to findings of facts. G. L. (Ter. Ed.) c. 58A, § 13, as amended.

---

[1] There appears to be a discrepancy in these figures but it is not material in our consideration of this case.

The tax under consideration was obviously assessed under G. L. (Ter. Ed.) c. 62, § 1 (b), as appearing in St. 1945, c. 735, § 1, so that the only question in this case is whether the transaction whereby Smith acquired his stock in the new corporation is to be characterized as a dividend in liquidation of the old corporation or as an exchange similar to a purchase and sale of the shares in the new corporation paid for by stock in the old corporation. If the latter, it was not a dividend taxable under G. L. (Ter. Ed.) c. 62, § 1 (b), and the commissioner was wrong in making the assessment.

It was said in *Commissioner of Corporations & Taxation* v. *Hornblower*, 278 Mass. 557, 560, that "The nature of this transaction must be ascertained from the substance of the things done, and not alone, or chiefly, from the legal formalities in which that substance is cloaked." Here we have an integrated plan whereby the stockholders exercising exclusive control over specific assets, in order to carry on a certain business, for reasons of their own have exchanged in effect stock in one shell through which control was exercised for stock in another shell which has in no material way disturbed the physical nature of the assets, the degree of control or the purpose for which such control is exercised. They in effect merely exchanged one piece of paper for another. In such a transaction manifesting no actual increment of wealth or assets, the formalities controlling in other circumstances are not determinative. See *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 530; *Brown* v. *Commissioner of Corporations & Taxation*, 242 Mass. 242, 244; *Van Heusen* v. *Commissioner of Corporations & Taxation*, 257 Mass. 488; *Sears* v. *Commissioner of Corporations & Taxation*, 322 Mass. 446, 449–451.

The commission relies upon principles of law established in the cases of *Commissioner of Corporations & Taxation* v. *Hornblower*, 278 Mass. 557, and in *Wellman* v. *Commissioner of Corporations & Taxation*, 289 Mass. 131. We are of opinion, however, that these cases do not support the position of the commission. In each of these cases there was

a transfer of assets to an existing larger corporation. The persons interested in the old corporation and those interested in the new one were different and their relative interests were not the same.

We are of opinion, notwithstanding the formalities, that the entire transaction with which we are here concerned was in effect and substance one whereby Smith acquired stock in the new corporation in exchange for the same amount of stock he held in the old corporation rather than the receipt of a dividend in the liquidation of the old corporation. An "exchange" is a "purchase and sale" as those terms are used in our income taxing statutes, *Osgood* v. *Tax Commissioner*, 235 Mass. 88, so it would seem that any gains resulting therefrom are taxable exclusively under c. 62, § 5 (c), as amended. In any event it is enough to say that such gains, if any, are not taxable as dividends under c. 62, § 1 (b) and (g). See *Commissioner of Corporations & Taxation* v. *Fopiano*, 324 Mass. 304. [1]

For the purposes of this case we think it only necessary to decide that the commissioner was wrong in assessing a tax upon the transaction under § 1 (b) and (g). This same result would probably be reached under § 112 of the Internal Revenue Code (U. S. C. [1946 ed.] Title 26), and is more likely in accord with the views of businessmen generally.

We need not therefore consider the reasons advanced by the board in granting the abatement for they are immaterial in view of what we have herein said.

*Abatement granted in the amount*
*of $81.91 with costs.*

---

[1] By St. 1953, c. 246, § 3, an additional temporary tax of 3% is levied for the years 1953 and 1954 upon gains under § 5 so that for these years there is no difference in the amount of the tax under § 1 (b) and § 5.