## No. 9603.

## THE STATE OF LOUISIANA VS. THE HIBERNIA INSURANCE COMPANY.

Under Act No. 4 of 1882, the license is imposed on the business pursued by an insurance company in the State of Louisiana, and not on business done through branches or agencies established in other States, subject to their laws and to the taxation imposed thereby.

Section 7 of the act applies the same rule of graduation to home companies and to foreign companies transacting business here through branches or agencies; and it might, with equal force, be contended that foreign companies were to be taxed according to their premiums earned at home as well as here, as that home companies should be taxed according to their premiums earned through like agencies in other States.

"Rebates" being a deduction from stipulated premiums allowed in pursuance of antecedent contract, the difference constitutes the only premium actually earned by the company, and in estimating the gross amount of premiums the rebates are properly deducted.

Inasmuch as the basis of graduation is restricted to premiums received for business done in the State, it is self-evident that the deductions allowed should suffer the same restriction, i. e. the only return and unearned premiums and rebates deducted should be those arising from and connected with the business done in the State.

It seems probable that, in this respect, the defendant has not complied with the law. but as the evidence is not sufficient to fix the license according to this view, non-suit must be given.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

John McEnery and W. B. Somerville for Plaintiff and Appellee:

1   "Gross premium," in the license act, includes all premiums, from whatever source.

2.   Exemptions from taxation are to be strictly construed, and as "rebates" are not mentioned among the items to be deducted from the "gross premium," they cannot be allowed. Act No. 4, 2d Ex. Sess. 1881, p. 70.

3.   A license is a personal privilege to pursue a certain vocation, and the amount fixed, to be paid by the license payer, cannot be construed as a tax on income or otherwise, and made subject to the laws governing property taxes.

4.   A State may levy a tax on gross earnings of a corporation, regardless of whether they are earned within or outside of its boundaries. 15 Wall. 284 ; 14 Otto, 595 ; 18 Wall, 206,

J. C. Gilmore for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This case involves the construction and constitutionality of the sections of Act No. 4 of 1882, regulating the license taxation of insurance companies.

The pertinent provisions are the following:

Section 1 of the License Act, page 52, provides: "That there is hereby levied an annual license tax for the year 1882, and for each subsequent year, upon each　*　*　*　corporation pursuing any　*　*　* business *in the State of Louisiana*, etc.

"Sec. 2. That on the 2d day of January, 1882, and each subsequent year, each tax collector throughout the State shall begin to collect, and shall collect as fast as possible from each of the　*　*　*　corporations *pursuing within his district or parish* any　*　*　*　business a license tax as hereinafter graduated."

"Sec. 7, p. 68. That for every business conducted by an insurance company　*　*　*　or firm doing an insurance business of any kind *　*　*　*in this State*, whether located here or operating through a branch department　*　*　*　the license shall be based on the gross annual amount of premium, etc.

"Provided, that the gross amount of annual premiums shall not include unearned and return premiums and reinsurances." Act No. 4, 2d Ex. Sess. 1881, pp. 68 and 70.

The defendant company not only transacts business in this State, but has also established offices in various other States where it conducts the business of insurance on property located in such States, in accordance with their laws and subject to such license taxes as are there imposed.

In formulating the published statements required by Section 1784 of the Revised Statutes, the company set forth the entire amount of premiums received by it on all insurance, whether in this State or elsewhere; but in estimating the annual amount of premiums according to which its license tax was to be graduated, it deducted those received on account of its business done in other States, and it also deducted as "unearned and return premiums and reinsurances" the *rebate* allowed to insurers.

Upon the amount thus fixed the company has paid the proper tax to the tax collector.

The State now claims, in this suit, that said deductions were improper and unlawful, and demands the additional tax which would be due if said deductions had not been made.

The defendant resists on the double grounds, viz:

1st. That it has paid all that is due under a proper construction of the law.

2d. That if the law could be construed as taxing its business done in other States, it would be violative of the Constitution of the State and of the United States.

We find no necessity for considering the constitutional questions presented. The terms of the law would have to be very clear and unambiguous, to command our assent to a construction of it, which would sanction a legislative intent to impose a license tax upon business pursued by the corporation in a different State, or even to refer to the receipts of such business as a basis for the graduation of a license tax.

Far from being unambiguous in the expression of such intent, the terms of the statute convey very clearly to our minds the contrary purpose.

The license is upon the business. It is levied on corporations "pursuing business in the *State of Louisiana*." Sec. 1.

Section 2 directs the tax collectors to collect from "corporations pursuing, *within his district or parish*, any business," etc.

Section 7 applies to all insurance companies doing business "in this State, whether located here or operating through a branch department." etc., and fixes as the basis for graduation "the gross annual amount of premiums." This basis applies equally to home companies and to foreign companies transacting business here. It might as well be contended that foreign companies were to be taxed according to the amount of their premiums earned at home as well as in this State, as that home companies should be taxed according to their premiums earned on business transacted through branches in other States as well as on business transacted in this State.

The statute applies precisely the same rule to home and foreign companies, and we consider it perfectly clear that the premiums referred to are premiums derived from business transacted in this State.

It only remains to be considered whether the "rebates" are to be deducted in estimating the " gross annual amount of premiums." The law authorizes the deduction of "unearned and return premiums," and hence it is contended that it excludes deduction of "rebates." But we think it very clear that in using the term "gross amount of premiums," the law refers to premiums actually received or earned; and as, by the terms of their contracts, the companies allowing such rebates only receive the difference between the premium stipulated and the rebate, it seems clear that such difference, only, constitutes the gross premiums earned. The contracts are made with the full knowledge and understanding that such rebates are to be allowed, and it is a mistake for the State to say that they are mere voluntary returns by the company.

Having thus expressed oui views as to the construction of the law, we would add that as the basis of graduation is restricted to the business done in the State, the deduction allowed should suffer a like restriction—that is to say, the only return premiums, unearned premiums and rebates which should be deducted are those arising from and connected with the business done in this State. This is self-evident. The record is barren of evidence necessary to determine the amount of license on this basis, and as the State is the actor in the proceeding, we shall dismiss the rule as in case of non-suit.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is now ordered and decreed, that the rule taken by the State be dismissed as in non-suit, the State paying costs in both courts.