AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *vs.*
COMMONWEALTH.

Suffolk.    March 30, 1916. — May 19, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Tax,* Excise on domestic insurance company.    *Insurance,* Excise on domestic company.

Under St. 1909, c. 490, Part III, §§ 28, 33, the excise "on all premiums received for insurance" by a domestic (not life) insurance company is imposed on the gross amount of the premiums and not merely on their net amount after deducting such dividends, if any, as the board of directors of a mutual company may decide to repay to its policy-holders.

DE COURCY, J.  The petitioner, a domestic mutual insurance company, seeks the abatement of a portion of an excise tax paid by it under protest on November 1, 1914.*

The company was incorporated by St. 1887, c. 130; and by the provisions of § 2 was directed to "charge and collect upon its policies a full mutual premium in cash or notes absolutely payable." On October 27, 1914, it made a return to the tax commissioner for the year ending September 30, 1914, in accordance with St. 1909, c. 490, Part III, § 34, stating the premiums received, the return premiums on cancelled policies and the amount of the premiums received and taxable in other States.  From this return the tax commissioner, in accordance with § 35 of that statute, assessed upon the petitioner an excise tax of one per cent on the balance of the premiums after making the deductions.  During each month of the year the directors of the company declared, and the company returned to its policy-holders whose policies expired during those months, a dividend of thirty per cent.  The petitioner seeks to recover one per cent of the amount which it returned to its policy-holders as dividends, but which was included in the amount on which the tax commissioner based his computation of the tax.

The statutory provisions under which the tax was assessed are as follows:

"Section 28.  A domestic fire, marine, fire and marine, real estate title and other insurance company, except life insurance companies and except companies liable to taxation on their corporate franchise under the provisions of this part, shall annually pay a tax or excise of one per cent on all premiums received for insurance during the preceding year whether in cash or in notes absolutely payable, and one per cent on all assessments made by such company upon policy-holders; but premiums received in other States where they are subject to a like tax shall not be so assessed."

"Section 33.  In determining the amount of the tax payable under the five preceding sections, all unused balances on notes taken for premiums on open policies, all sums paid for return premiums on cancelled policies, and all sums actually paid either to

---

* The petition was filed in the Supreme Judicial Court on May 4, 1915, and was reserved by *Carroll*, J., for determination by the full court.

other domestic insurance companies or to the agents of foreign companies for reinsurance on risks, the premiums on which, but for such reinsurance, would be liable to taxation, shall, in each case, be deducted from the full amount of premiums and assessments; but no deduction shall be allowed of sums paid for reinsurance effected otherwise than by licensed resident agents nor shall dividends in scrip or otherwise in stock, mutual or mixed companies be considered as return premiums.

"Section 34. Every company liable to taxation under the provisions of sections twenty-eight and thirty-two shall annually, between the first and fifteenth days of October, make a return to the tax commissioner, signed and sworn to by its secretary or other officer having knowledge of the facts, stating the amount insured by said company, and the premiums received and assessments collected by it during the year ending on the preceding thirtieth day of September. . . . Such returns shall state the whole amount of premiums charged by or in behalf of said company, association and partnership either in cash or in notes absolutely payable, the amount claimed as a deduction therefrom under any of the provisions of this part, and also the classes of deductions and the amount of each class."

The language of § 28, "a tax or excise . . . on all premiums received," naturally is to be interpreted as meaning gross premiums, and not merely the net amount retained by the company after deducting such dividends, if any, as the board of directors may decide to repay to the policy-holders. And any doubt as to the correctness of this interpretation would be removed by the clause in § 33 which expressly provides, " . . . nor shall dividends in scrip or otherwise in stock, mutual or mixed companies be considered as return premiums." Indeed, it is difficult to see how the other provisions of the statute could be carried out in practice if the contention of the petitioner were adopted. The return is to be made by the company between October 1 and October 15, and must state "the premiums received and assessments collected by it during the year ending on the preceding thirtieth day of September." The amount of the tax must be determined mainly from this return. Many policies written during the year preceding September 30 are certain to expire subsequent to that date; and the dividends payable on those policies cannot

be ascertained until long after the times fixed by the statute for the determination and the payment of the tax.

An examination of the history of the statute confirms the contention of the Commonwealth that dividends should not be deducted in determining the basis of the tax. Under the original statute imposing a tax of this character upon insurance companies, no deduction whatever was allowed from the full amount of all gross premiums received. St. 1862, c. 224, §§ 1, 6, 9. When, subsequently, provision was made for certain deductions, — such as sums paid for return premiums on cancelled policies and sums actually paid to other insurance companies for reinsurance on risks — it was expressly provided, "nothing in this section shall be so construed as to admit of dividends in scrip or otherwise, in stock, mutual or mixed companies, to be called return premiums." St. 1868, c. 165, § 1. No substantial change in that provision has since been made. See St. 1873, c. 141; St. 1909, c. 490, Part III, § 28.

Cases like *Mutual Benefit Life Ins. Co.* v. *Herold,* 198 Fed. Rep. 199, *Herold* v. *Mutual Benefit Life Ins. Co.* 201 Fed. Rep. 918, *Connecticut General Life Ins. Co.* v. *Eaton,* 218 Fed. Rep. 188, and *Connecticut Mutual Life Ins. Co.* v. *Eaton,* 218 Fed. Rep. 206, cited by the petitioner, involve the construction of an act of Congress, (36 U. S. Sts. at Large, c. 6, § 38,) imposing a tax upon "the entire net income" received during the year by the insurance company.

Manifestly the amendment of § 33 by St. 1916, c. 227 (approved May 17, 1916) is not applicable to the present case.

The entry must be

*Petition dismissed.*

The case was submitted on briefs.

*E. C. Stone,* for the petitioner.

*H. C. Attwill,* Attorney General, *& W. H. Hitchcock,* Assistant Attorney General, for the Commonwealth.