COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Suffolk.   February 6, 1951. — July 3, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Taxation*, Insurance company.   *Insurance*, Life insurance: premium.
    *Words*, "Premiums returned."

Sums repaid by a life insurance company to holders of industrial weekly premium policies in accordance with a provision thereof whereby the company agreed to "refund" at the end of a year a certain percentage of the total of the year's premiums in case such premiums had been "continuously" "paid directly to" an office of the company were "premiums returned to policyholders" within G. L. (Ter. Ed.) c. 63, § 20, as appearing in St. 1943, c. 531, § 1.

APPEAL from a decision by the Appellate Tax Board.

*H. W. Radovsky*, Assistant Attorney General, for the commissioner of corporations and taxation.

*W. A. Ryan*, (*R. C. Evarts* with him,) for the taxpayer.

QUA, C.J. The commissioner appeals from a decision of the Appellate Tax Board abating an excise tax assessed by him upon Metropolitan Life Insurance Company, a mutual company incorporated under the laws of New York and doing business in this Commonwealth, for the year 1947, in excess of an amount previously paid by the company for that year.

The tax was assessed under G. L. (Ter. Ed.) c. 63, § 20, as appearing in St. 1943, c. 531, § 1, upon premiums received by the company. In so far as here pertinent this section provides as follows: "Every life insurance company . . . shall annually pay an excise . . . of two per cent upon all new and renewal premiums received during the preceding calendar year for all policies allocable to this commonwealth, as hereinafter provided. . . . The word 'premiums' as used in this section shall include all amounts received as consideration for life insurance policies without deduction for amounts paid to other companies for reinsurance and shall include dividends applied to purchase additional insurance or to shorten the premium paying period. . . . In determining the amount of the excise payable hereunder there shall be deducted, to the extent that they are properly allocable to premiums taxable hereunder, (a) all premiums returned to policyholders during said preceding calendar year but not including cash surrender values, and (b) dividends which during said year have been paid or credited to policyholders or applied to purchase additional insurance or to shorten the premium paying period."

The company issued so called industrial weekly premium policies containing the following provision or one of identical import, "Refund on Direct Payment of Premiums If . . . notice is given to any Office of the Company which maintains an account for receiving direct payment of premiums, that premiums will in future be paid directly to such an Office, and if premiums are so paid continuously for a period

of one year without default beyond the grace period, the Company will, at the end of such year, refund 10 percent of the total of the year's premiums so paid . . . ." Further details of this refunding clause are not here material. The justification for the insertion of such a clause in weekly premium industrial policies can be appreciated readily enough from the common knowledge that such policies are usually issued for small amounts to persons of limited means, and the premiums, perhaps measured in cents rather than in dollars, are commonly collected by agents who visit the homes of policyholders for that purpose. If a holder of a policy will make regular weekly payments at offices of the company without the intervention of a collecting agent the calculated cost of carrying his policy will be reduced, and he may be given the benefit of a repayment.

During the tax year in question the company repaid to holders of industrial policies who had paid their premiums at its offices, according to the provision quoted above and contained in their policies, the sum of $699,752.78 and contends that that sum represented "premiums returned to policyholders" and so was deductible from the "premiums received" in calculating the tax. The commissioner contends that this sum does not represent "premiums returned," but that rather it is a payment to the policyholder in consideration of his doing something that reduces the company's cost of operation. And so the issue is drawn.

In our opinion the statute was designed to measure the excise for the privilege of doing business in this Commonwealth by the amount of all premiums received from policyholders and not in some manner offset by repayment to policyholders. Not only does the statute expressly provide for deduction of "all premiums returned to policyholders" (not including cash surrender values) but it provides further for the deduction of dividends paid or in any way credited to policyholders. Dividends are of course in a broad sense repayment of premiums which have proved to be larger than the safety of the policies requires. There has been a widespread tendency, at least as to life insurance

companies, to hold that where an excise is measured by premiums, only such premiums are to be included as have been retained by the company and not returned. This tendency has extended even to instances where the statute bases the excise upon gross premiums, and it has also led to deduction of dividends, even where the statute has no express provision for such deduction. Some of the cases are collected in the footnote.[1] In our own case of *American Mutual Liability Ins. Co.* v. *Commonwealth*, 224 Mass. 299, relating to companies other than life, this court was not able to allow deduction for dividends, because the wording of the statute (St. 1909, c. 490, Part III, §§ 28, 33) prevented that deduction, although it permitted deduction for return premiums. But when the basis of the excise upon life companies was changed by St. 1943, c. 531, § 1, from the net value of the policies to premiums received, express provision was made for the deduction not only of "all premiums returned" but also of dividends. In this way our statute as to life companies was brought into closer conformity with the tendency elsewhere. This brief survey leads to the conclusion that the general intent of the Legislature was to base the excise upon premiums received and retained for actual insurance purposes, and that the statutory deductions should be interpreted somewhat liberally with this purpose in mind.

We think that the sums repaid to policyholders under the provision in the policies for "Refund on Direct Payment of Premiums" were "premiums returned" within the meaning of those words in the deduction provisions of G. L. (Ter. Ed.) c. 63, § 20, as appearing in St. 1943, c. 531, § 1. We must assume that the policies were issued in accordance with the elaborate precautions contained in G. L. (Ter. Ed.) c. 175, designed to secure sound policies as well as good

---

[1] *German Alliance Ins. Co.* v. *VanCleave*, 191 Ill. 410. *Metropolitan Life Ins. Co.* v. *State*, 194 Ind. 657. *State* v. *Wilson*, 102 Kans. 752. *Mutual Benefit Life Ins. Co.* v. *Commonwealth*, 128 Ky. 174. *State* v. *Hibernia Ins. Co.* 38 La. Ann. 465. *New York Life Ins. Co.* v. *Robertson*, 140 Miss. 108. *State* v. *Hyde*, 292 Mo. 342. *New York Life Ins. Co.* v. *Chaves*, 21 N. M. 264. *People* v. *Continental Ins. Co.* 177 N. Y. 515. *Commonwealth* v. *Metropolitan Life Ins. Co.* 254 Pa. 510. *New England Mutual Life Ins. Co.* v. *Reece*, 169 Tenn. 84. *State* v. *Jay*, 37 Wyo. 189. *Penn Mutual Life Ins. Co.* v. *Lederer*, 247 Fed. 559. See L. R. A. 1918D, 958; 141 A. L. R. 1411.

faith and fair dealing with the policyholders. It is evident that the policies must have been calculated on the theory that the full premium would be required, and in fact the policyholders did pay the full premium. After the actual experience of a year demonstrated that no expense had been incurred for collectors, and that ten per cent of the premiums had not been needed to carry the policies and could safely be released, that proportion of the premiums paid was actually returned to the policyholders. A statute that permits a deduction for dividends ought consistently to permit a deduction for payments returned in this manner.

The commissioner's theory that the policyholder has simply been paid a sum of money for helping out the company by reducing its expenses is not an adequate analysis of the situation. The facts are that the policyholder has paid a premium for a policy and under the terms of the policy has got part of the premium back again, because of a reduction in the cost of carrying the policy. It seems to us that on principle this is just as truly a premium returned as is the repayment of part or all of a premium after the cost of carrying the policy has been reduced by cessation or reduction of the risk through cancellation, or by any of the other more conventional means resulting in what is commonly called a return premium. In either event the policyholder properly gets the benefit of a lessening of the burden which the company originally assumed and for which the policyholder originally paid.

Our attention has been directed to three cases dealing with this same refund clause in connection with an excise measured by premiums. These are State v. Wilson, 102 Kans. 752, 756, Metropolitan Life Ins. Co. v. Scheufler, 180 S. W. (2d) (Mo.) 742, and Metropolitan Life Ins. Co. v. Rouillard, 92 N. H. 16. The Kansas case is in accord with our view. In the Missouri and New Hampshire cases there was no provision in the statute for a deduction for returned premiums, and in other respects comparison is difficult.

*Abatement granted in the sum of $13,995.06.*