STATE TAX COMMISSION *vs.* JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY.

Suffolk.   October 19, 1971. — February 10, 1972.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Taxation,* Insurance company.

A life insurance company which had computed its excise tax liability
under G. L. c. 63, § 20, by deducting the full amount of dividends it
had declared payable to its policyholders in the tax years could not
deduct a second time those dividends which the policyholders had
left with the company for accumulation when in later years they
were applied to the purchase of paid-up insurance or annuity
contracts. [129–131]

APPEAL from a decision of the Appellate Tax Board.
The case was submitted on briefs.

*Robert H. Quinn,* Attorney General, *& Sunny Seiler
Dupree,* Deputy Assistant Attorney General, for the
State Tax Commission.

*Albert L. Hyland* for John Hancock Mutual Life
Insurance Company.

QUIRICO, J.   This is an appeal by the State Tax Com-
mission (commission) from a decision of the Appellate
Tax Board (board) abating a portion of the life insur-
ance premium excise tax assessed against and paid by
the John Hancock Mutual Life Insurance Company (tax-
payer) for the year 1963 [1] under G. L. c. 63, § 20, as

---

[1] There were separate identical proceedings before the board for
excise taxes for the calendar years 1963, 1964 and 1965. The commis-
sion claimed an appeal to this court from the board's decision in favor
of the taxpayer for each of the three years. By stipulation approved
by the single justice in the county court, the commission has perfected
its appeal from the decision on the 1963 tax only and the decision of
this court thereon is to apply equally to the appeals from the decisions
for 1964 and 1965.

amended through St. 1960, c. 558, § 4.[2]   The case was submitted to the board for decision on the basis of facts stipulated by the parties in writing plus thirty-two documentary exhibits submitted by agreement of the parties at the hearing before the board.   The board's original decision was made without findings of fact.   Thereafter, on request of the commission, the board made a report of its findings of fact in which it adopted the facts stipulated by the parties and summarized them in its report.

The factual basis from which the legal controversy arises may be stated very briefly, and in so doing it is not necessary to repeat the many detailed base figures, computations and dollar amounts included in the stipulations and the board's findings and decision.   In years prior to 1963 the taxpayer declared dividends payable to its policyholders and in each such year it deducted the full amount of the dividends declared in computing its excise tax liability under § 20.   The policyholders had the options of (a) withdrawing these dividends in cash, (b) using them to reduce insurance premiums in subsequent years, or (c) allowing them to accumulate with interest and to be withdrawn or otherwise used or applied at a later time.   Some of the dividends and interest thus accumulated were used and applied by the policyholders to purchase paid up insurance and annuity contracts from the taxpayer.   Except for the amounts involved, the factual basis is the same for the years 1964 and 1965.

The record in this case presents a single and simple issue for our decision.   It is whether the taxpayer, having

---

[2] General Laws c. 63, § 20, as amended, provides in pertinent part as follows: "Every life insurance company . . . shall annually pay an excise of two per cent upon all new and renewal premiums received during the preceding calendar year for all policies allocable to this commonwealth . . . . The word 'premiums' as used in this section shall include all amounts received as consideration for life insurance policies . . . and shall include dividends applied to purchase additional insurance or to shorten the premium paying period. . . . In determining the amount of the excise payable hereunder there shall be deducted, to the extent that they are properly allocable to premiums taxable hereunder, . . . (b) dividends which during said [preceding calendar] year have been paid or credited to policyholders or applied to purchase additional insurance or to shorten the premium paying period."

computed its excise for each year by deducting the full amount of the dividends which it declared in that year, may, as to the portion of those dividends which the policyholders left with the taxpayer for accumulation, deduct them a second time in later years when they are applied to the purchase of paid up insurance or annuity contracts from the taxpayer.[3]   Our decision is that it may not.

Considerations of reason and common sense in the interpretation and application of the pertinent provisions of G. L. c. 63, § 20, as amended, compel the conclusion which we have reached.   This is demonstrated by a detailed consideration of the several applicable portions of the statute.

1. The structure and content of § 20 indicate clearly that the starting point in the computation of the excise tax is the gross amount of the premiums received by the taxpayer.   The first portion of the statute imposes an excise tax "upon all new and renewal premiums received during the preceding calendar year for all policies allocable to this commonwealth."   In *American Mut. Liab. Ins. Co.* v. *Commonwealth*, 224 Mass. 299, at 301, we held that a statute imposing " 'a tax or excise . . . on all premiums received,' naturally is to be interpreted as meaning gross premiums, and not merely the net amount retained by the company after deducting such dividends, if any, as the board of directors may decide to repay to the policyholders."   After imposing the tax in the language quoted above, § 20 defines the word "premiums" to "include all amounts received as consideration for life insurance policies . . . [and also to] include dividends applied to purchase additional insurance or to shorten the premium paying period."   The broad sweep

---

[3] The proceedings before the board involved a second question whether certain "funds received by the . . . [taxpayer] under funding agreements with holders of pension contracts and assigned by it to separate investment accounts in accordance with the provisions of G. L. Chapter 175, § 132F, are taxable as premiums under G. L. Chapter 63, § 20, as in effect in the years in question." The board held that such funds were taxable as premiums, and there was no appeal from that part of the decision.

of this definition also requires the starting point in the computation of the excise tax to be the gross amount of premiums received by the taxpayer in the calendar year 1963, without regard to whether the premiums were received as the result of ordinary payments by policyholders or as the result of the election by the policyholders to apply previously accumulated dividends and interest standing to their credit with the taxpayer toward the payment of premiums. To this point the parties to this case appear to be in agreement.

2. The point at which the parties disagree is in the interpretation and application of the part of § 20 which says that in determining the tax due thereunder, "there shall be deducted, to the extent that they are properly allocable to premiums taxable hereunder, . . . (b) dividends which during said [preceding calendar] year have been paid or credited to policyholders or applied to purchase additional insurance or to shorten the premium paying period."

The taxpayer contends that the board properly interpreted and applied this part of the statute and that the following language from the board's decision is "a very accurate statement of this position": "In passing the board notes that there seems to be no requirement in the statute that to qualify for the deduction a dividend must be declared and applied to purchase additional insurance in the same year. The pertinent year is the year the dividends were so 'applied'; and whether declared and applied in the same year or left to accumulate and applied in a later year seems to be immaterial. Nor does the statute appear to deny deduction for dividends so applied which have been previously deducted in prior years. The general intent of the Legislature was to base the excise upon premiums received and retained for actual insurance purposes, and the statutory deductions should be interpreted somewhat liberally with this purpose in mind." The commission argues that such an interpretation would allow the taxpayer to deduct the identical accumulated dividends in two different years, once in the year they are

declared, and again in the year they are used to purchase additional insurance, resulting in total exemption of the premiums thus received by the taxpayer from the excise tax imposed by the statute, contrary to the plain intent of the Legislature.

3. We hold that the board's interpretation of § 20 as quoted above from its decision was error. The total structure and language of § 20 clearly indicate that the Legislature intended (a) to compel a life insurance company to "pay [annually] an excise of two per cent upon all new and renewal premiums received during the preceding calendar year for all policies allocable to this commonwealth," and (b) to require that the tax should be computed on what the insurer ultimately retains of the gross premium after making any "dividends" available for return to or use by the policyholders. This is consistent with our language in *Commissioner of Corps. & Taxn.* v. *Metropolitan Life Ins. Co.* 327 Mass. 582, 584–585, where we said: "Dividends are of course in a broad sense repayment of premiums which have proved to be larger than the safety of the policies requires. There has been a widespread tendency, at least as to life insurance companies, to hold that where an excise is measured by premiums, only such premiums are to be included as have been retained by the company and not returned. . . . This brief survey leads to the conclusion that the general intent of the Legislature [in enacting St. 1943, c. 531, § 1, changing the basis of the excise upon life insurance companies from the net value of the policies to premiums received] was to base the excise upon premiums received and retained for actual insurance purposes."

4. The basis for the decision by the board and the contention by the taxpayer that the latter is entitled to a double deduction of that part of dividends declared in one year but applied in a later year to the purchase of additional insurance is the following language in § 20: "In determining the amount of the excise payable hereunder there shall be deducted . . . (b) dividends which during said [preceding calendar] year have been paid or credited

to policyholders or applied to purchase additional. insurance or to shorten the premium paying period." There is nothing in this language which permits a finding of any legislative intent to give the taxpayer such a double deduction. We construe this language rather as doing no more than permitting the deduction in 1964 of the total dividends declared in 1963, regardless of whether in 1963 those dividends were (a) paid to policyholders, (b) credited to policyholders for accumulation and future withdrawal, use or application, (c) applied to purchase additional insurance, or (d) applied to shorten the premium paying period. However, when the taxpayer in 1964 filed its excise tax return for the year 1963 and deducted the full amount of the dividends which it had declared in 1963, it thereby totally exhausted its right to reduce its excise tax liability by reason of such dividends. If, once the dividends were declared, the policyholders affected thereby used them for the purchase of additional insurance from the same insurer, whether in the year they were declared or in later years, the insurer received new premiums which in turn became subject to the excise tax imposed by § 20.

5. We are reminded by the taxpayer in its brief that "[t]his court has on several occasions in different forms of language stated the general rule [for interpreting tax statutes] to be (a) that tax statutes must be strictly construed, (b) that all doubts are to be resolved in favor of the taxpayer, and (c) that the right to tax must be plainly conferred, it cannot rest on implications." *Commissioner of Corps. & Taxn.* v. *Fopiano,* 324 Mass. 304, 307. *Gordon* v. *State Tax Commn.* 335 Mass. 431, 437. *State Tax Commn.* v. *John Hancock Mut. Life Ins. Co.* 341 Mass. 555, 565. *Massachusetts Assn. of Tobacco Distribs.* v. *State Tax Commn.* 354 Mass. 85, 89. *Trustees of Amherst College* v. *Commissioner of Corps. & Taxn.* 354 Mass. 503, 505. The application of that rule presupposes the existence of some doubt or ambiguity in the statute under consideration. We are not faced with such a situation in the statute before us. In any event, the

361 Mass. 131                          131

Van Dusen Aircraft Supplies of N. E. *v.* Massachusetts Port Authy.

rule cited by the taxpayer does not require or permit us to abandon the equally salutary basic rule of following a common sense approach in the interpretation and application of all statutes.

6. The decision of the Appellate Tax Board is reversed and the case is remanded to the board. A decision is to be entered by the board denying the abatement which the board granted by its decision of April 7, 1970. The State Tax Commission is to have costs of this appeal.

*So ordered.*