CHARLES G. PAGE, executor, *vs.* COMMISSIONER OF REVENUE.

Plymouth. April 4, 1983. — June 8, 1983.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Taxation,* Succession tax. *Due Process of Law,* Succession tax. *Statute,* Construction. *Words,* "Tangible personal property."

Securities held by a foreign trust company on behalf of a Massachusetts domiciliary are not "tangible personal property having an actual situs outside the commonwealth" within the meaning of G. L. c. 65C, § 1(*f*). [391-392]

Imposition of a Massachusetts estate tax on securities held by a foreign trust company on behalf of a Massachusetts domiciliary did not violate the Fourteenth Amendment to the United States Constitution or art. 10 of the Declaration of Rights of the Constitution of the Commonwealth. [392-393]

The fact that a Massachusetts decedent had been a resident of Maryland when she transferred securities held by a Maryland trust company as a gift in contemplation of death did not preclude Massachusetts from taxing the securities as part of the decedent's Massachusetts estate. [393-395]

CIVIL ACTION commenced in the Plymouth Division of the Probate and Family Court Department on February 17, 1982.

Questions of law were reported to the Appeals Court by *Lawton,* J. The Supreme Judicial Court granted a request for direct review.

*Charles G. Page,* of Maryland, pro se (*H. Burton Powers* with him).

*Linda M. Irvin,* Assistant Attorney General, for the defendant.

NOLAN, J. This case is before us on a reservation and report, by a judge of the Probate and Family Court, of certain questions of law arising from a petition for an abatement of estate tax assessed by the Commissioner of Revenue

(Commissioner). The parties have submitted a stipulation of facts. The judge reported three questions to the Appeals Court, pursuant to G. L. c. 215, § 13. We allowed the parties' joint application for direct appellate review.

Briefly, the facts are as follows. In 1973, the decedent, Anne B. Middendorf, then domiciled in Maryland, contracted with The Equitable Trust Company, Baltimore (trust company), to deposit certain investment securities to be held and administered pursuant to the decedent's instructions. In June, 1976, the decedent transferred $121,723.32 of these securities to a daughter.[1] A Federal gift tax was paid with respect to this transfer. In December, 1978, the decedent established a residence in Wareham, Massachusetts, where she remained domiciled until her death in May, 1979. At the time of her death, the securities still held in Maryland were valued at $2,402,308.53. The decedent's assets included, in addition to the securities, two parcels of real estate in Maryland, another parcel of real estate in Massachusetts, various checking and savings accounts, and other miscellaneous personal property located both in Massachusetts and in Maryland.

The Maryland executors (The Equitable Trust Company and Charles G. Page) filed a Maryland estate tax return, listing the securities held by the trust company in Maryland, and they paid a Maryland estate tax of $136,981.63, plus interest. See Md. Ann. Code art. 62A, §§ 1, 2, 3 (1979 & 1982 Supp.).[2] Additionally, the Maryland executors paid a

---

[1] This figure was submitted as part of the stipulation of facts. The decedent's Federal gift tax return for the quarter ending June 30, 1976, shows a total gift of $307,690.

[2] The Maryland estate tax is "imposed upon the transfer of the 'Maryland estate' of every 'decedent.'" § 2. The "Maryland estate" is defined as the gross Federal estate, "the transfer whereof it is within the power of the State of Maryland, to subject to the 'Maryland estate tax.'" § 1(e), (f). A "decedent" is defined, in pertinent part, as "a nonresident of the State of Maryland in whose estate shall be included for federal estate tax purposes an interest in real or tangible personal property located in Maryland." § 1(b)(2).

Maryland inheritance tax of $7,899.28. See Md. Ann. Code art. 81, §§ 149-151 (1980). Page, who was appointed also as the executor in Massachusetts, filed a Massachusetts estate tax return listing as non-Massachusetts property the securities held by the trust company in Maryland. The executor calculated the Massachusetts estate tax to be $13,267.64, and, because he had already paid $17,179, claimed a refund of $3,911.36. The record is not clear as to the calculations which led to the payment of $17,179. However, the Commissioner included as part of the Massachusetts gross estate the securities held by the trust company, and $22,279.93 in cash on deposit at various Maryland banks. The inclusion of the bank accounts has not been challenged. Moreover, the Commissioner included in the estate the 1976 gift of securities as a gift made in contemplation of death.[3] Accordingly, the Commissioner assessed the estate tax to be $392,877.68, including interest. The executor applied for an abatement of the tax, claiming that the Commissioner erroneously included, as part of the Massachusetts gross estate, the securities held by the trust company in Maryland. The Commissioner denied the application, whereupon this action was commenced.

The probate judge reported the following questions of law: (1) Did the Commissioner's assessment erroneously include the securities held by the trust company in Maryland?[4] (2) Does Massachusetts have the power to tax a gift made in contemplation of death where the gift was made thirty months prior to the donor's establishment of a Massachusetts domicil? (3) If the preceding two questions are resolved in favor of the executor, is the estate entitled to a refund of $3,911.36?

---

[3] This transfer, likewise, was deemed by the Internal Revenue Service to be a gift made in contemplation of death. See 26 U.S.C. § 2035 (1970).

[4] This question raises two issues: (a) Does the estate tax statute expressly exclude these securities from the Massachusetts gross estate? (b) If not, is the statute unconstitutional?

1. *Securities held by the trust company in Maryland.*
General Laws c. 65C, § 1(*f*), defines the Massachusetts
gross estate as "the federal gross estate, whether or not a
federal estate tax return is required to be filed, less the value
of real and tangible personal property having an actual situs
outside the commonwealth." The executor argues that the
securities held by the trust company in Maryland are "tangi-
ble personal property" within the meaning of G. L. c. 65C,
§ 1(*f*), and are, therefore, not part of the Massachusetts
estate. Historically, securities have been regarded as in-
tangible personal property. See, e.g., *Welch* v. *Treasurer
& Receiver Gen.*, 223 Mass. 87, 92-93 (1916). See also *Frost*
v. *Commissioner of Corps. & Taxation*, 363 Mass. 235, 245,
appeals dismissed, 414 U.S. 803 (1973). However, the ex-
ecutor argues that because art. 8 of the Uniform Commer-
cial Code (UCC) provides that an investment security is a
negotiable instrument, G. L. c. 106, §§ 8-102(1)(*a*),
8-105(1), as appearing in St. 1957, c. 765, § 1, the security,
in effect, embodies the underlying intangible interest and
therefore becomes a chattel, acquiring an actual physical
situs where no such situs had previously existed. Accord-
ingly, the executor concludes that the securities are tangible
personal property having a situs in Maryland where they are
physically located, and are, therefore, not part of the Mas-
sachusetts gross estate. We disagree.

Reduced to its essentials, the executor's argument in ef-
fect is that art. 8 of the UCC abrogates the common law
doctrine that securities are intangibles for taxation pur-
poses. The executor cites no authority for this position, nor
has our research uncovered any. The short answer to the
executor's argument is that there is nothing in art. 8 to in-
dicate that the Massachusetts Legislature, in adopting the
UCC, intended to amend the estate tax law, or to change
the common law view of securities as intangibles for estate
tax purposes. See *Riley* v. *Davison Constr. Co.*, 381 Mass.
432, 438 (1980) ("statute is not to be interpreted as effecting
a material change in . . . the common law unless [such in-
tent] is clearly expressed"), quoting *Pineo* v. *White*, 320

Mass. 487, 491 (1946). We decline to interject such an intent into the plain language of the Uniform Commercial Code. Moreover, we decline to interpret the estate tax statute as being reflective of a change in the common law view of securities. When the Legislature enacted G. L. c. 65C, it was presumably aware of the opinions written by this court which held that securities are intangibles for taxation purposes. See *MacQuarrie* v. *Balch,* 362 Mass. 151, 152 (1972) (Legislature is presumed to be aware of decisions of this court). There is no expression of an intent to change the law in this respect. "In arriving at this conclusion, we adhere to the principle that '[a] taxing statute should receive a practical construction.'" *Lowell Gas Co.* v. *Commissioner of Corps. & Taxation,* 377 Mass. 255, 259 (1979), quoting *Niagara Mohawk Power Corp.* v. *Wanamaker,* 286 A.D. 446, 449 (1955), aff'd, 2 N.Y.2d 764 (1956). See *State Tax Comm'n* v. *John Hancock Mut. Life Ins. Co.,* 361 Mass. 125, 130-131 (1972) (where no ambiguity in tax statute appears, rule of resolving all doubts in favor of taxpayer does not arise). Accordingly, we hold that securities held by a foreign trust company on behalf of a Massachusetts domiciliary are not "tangible personal property having an actual situs outside the commonwealth." G. L. c. 65C, § 1(*f*). The Commissioner was correct.

The executor also argues that the imposition of an estate tax by the Commissioner on the securities located in Maryland violates the Fourteenth Amendment to the United States Constitution and art. 10 of the Declaration of Rights of the Constitution of the Commonwealth. As authority for this position, the executor cites *Frick* v. *Pennsylvania,* 268 U.S. 473 (1925). Therein lies the flaw in his argument. The Court in *Frick* v. *Pennsylvania,* held that a State statute purporting to tax the transfer of tangible personal property having an actual situs outside the taxing State violates the due process clause of the Fourteenth Amendment. *Id.* at 488-494. Because we have held that securities are not tangible personal property, the executor's constitutional argument, being premised on a faulty classification of securities,

must fail. The executor does not argue that the taxing statute would be unconstitutional as applied to intangibles. See *Curry* v. *McCanless*, 307 U.S. 357, 370-374 (1939) (State of decedent's domicil may constitutionally impose estate tax on securities held by trustee in another State). We decline to interpret art. 10 more broadly than its Federal counterpart in this context.

Finally, the executor argues that because a tax statute should be construed to avoid double taxation, and because Maryland imposed an estate tax on the securities held in the Maryland trust company, Massachusetts should not be permitted to tax the same property. Even if it is true that there is double taxation, a matter on which we express no opinion, we reject this argument. Although double taxation is not favored, it is not per se unconstitutional. *Curry, supra. Hawley* v. *Malden*, 232 U.S. 1, 13 (1914). In *Curry*, the Supreme Court held that two States may constitutionally impose a tax on the transfer of intangibles. *Supra* at 372-373. We again decline to read art. 10 more expansively than its Federal counterpart in this context.

2. *Gift made in contemplation of death.* As part of the Massachusetts estate, the Commissioner included, as a gift made in contemplation of death, a transfer of securities made by the decedent in 1976.[5] The securities were held by the trust company in Maryland. The decedent retained no control over the securities after the transfer. At the time of the gift, the decedent was domiciled in Maryland. The decedent died, domiciled in Massachusetts, less than three years later. The transfer was included as part of both the Federal estate and the Maryland estate.

The executor argues that because the decedent was domiciled in Maryland at the time of the gift, Massachusetts has no power to tax the transfer as a gift made in contemplation of death. We disagree. It is beyond dispute that, according to the plain language of G. L. c. 65C, § 1(d) & (f),

---

[5] That the transfer was a "gift made in contemplation of death" is not disputed. See 26 U.S.C. § 2035 (1970).

the gift was properly included in the Massachusetts gross estate. The issue here is whether inclusion of the gift is constitutionally permissible.

Because the gift was made in contemplation of death, the tax on the gift was imposed as if "the property given had been part of the donor's estate passing at death." *Milliken* v. *United States*, 283 U.S 15, 22 (1931). See *Heiner* v. *Donnan*, 285 U.S. 312, 322 (1932). "For the purposes of the tax, property transferred by the decedent in contemplation of death is in the same category as it would have been if the transfer had not been made and the transferred property had continued to be owned by the decedent up to the time of his death." *Igleheart* v. *Commissioner*, 77 F.2d 704, 711 (5th Cir. 1935).

A transfer in contemplation of death is a disposition which is deemed testamentary. *Heiner* v. *Donnan, supra* at 322. We discern no constitutional impediment to including the gift in the Massachusetts taxable estate. In *Pearson* v. *McGraw*, 308 U.S. 313 (1939), the decedent, a domiciliary of Oregon, transferred intangible assets in contemplation of death. At the time of the transfer, the securities were held by an Illinois bank. The State of Oregon assessed a tax against this transfer as a gift having been made in contemplation of death. Reversing the Supreme Court of Oregon which held the tax to be violative of the Federal Constitution, the United States Supreme Court held that constitutionally the property was "within the jurisdiction of the state" of Oregon and that, therefore, the "transfer was taxable on the authority of *Curry* v. *McCanless*, [307 U.S. 357 (1939)], and related cases." *Pearson* v. *McGraw*, 308 U.S. at 318. The Court noted that with respect to the taxation of intangibles, the power to tax "is dependent not on the physical location of the property in the state but on control over the owner." *Id.* Accord, *Central Hanover Bank & Trust Co.* v. *Kelly*, 319 U.S. 94, 97 (1943).

Although the decedent in *Pearson* v. *McGraw, supra*, was at all relevant times a domiciliary of Oregon,[6] we do

___

[6] The decedent in the instant case was a Maryland domiciliary at the time of the transfer and a Massachusetts domiciliary at her death.

not view that fact as barring the applicability of its holding to the case before us. Intangible personal property may be taxed in the State of the decedent's domicil. *Curry* v. *McCanless, supra* at 372-373. We conclude that it is the domicil of the decedent at the time the right to impose the tax arises that determines the propriety of the tax. *Kingsbury* v. *Chapin,* 196 Mass. 533, 538 (1907). As the property which is the subject of the gift in contemplation of death is deemed, for tax purposes, to be part of the decedent's estate, the right to impose the tax arises at the time of the decedent's death. See *Milliken* v. *United States, supra* at 22-23. See also *City Bank Farmers Trust Co.* v. *Martin,* 125 N.J.L. 506, 507 (1941). *Wimpfheimer* v. *Martin,* 126 N.J.L. 502, 505 (1941); 26 U.S.C. § 2104 (1976) (in reference to a gift in contemplation of death, location of property is determined by situs either at time of transfer or at time of death). Accordingly, the decedent's domiciliary status in Maryland at the time of the transfer does not constitutionally proscribe a tax on the transfer by the State of the decedent's domicil at the time of death. Thus, we conclude that the Commissioner properly included the transfer as part of the Massachusetts estate.

*Conclusion.* In summary, we respond to the reservation and report by concluding that investment securities within the meaning of art. 8 of the UCC (G. L. c. 106, § 8-102[1]), which are physically held by a bank in Maryland, are not "tangible personal property having an actual situs outside the commonwealth." See G. L. c. 65C, § 1(*f*). Where a Maryland domiciliary transfers securities, physically located in Maryland, in contemplation of death, subsequently moves to Massachusetts, and dies domiciled in the Commonwealth, such a transfer is properly the object of the Massachusetts estate tax.

Accordingly, we conclude that the Commissioner was correct to include the securities held by the trust company in Maryland, and to include the value of the gift made in contemplation of death as part of the Massachusetts gross estate, and the executor, therefore, is not entitled to a refund.